WILLIAM WALLACE v. THE STATE.

No. 3424.   Decided October 31, 1906.

**1.—Murder—Manslaughter—Special Venire—Statute Construed.**

The Act of the Twenty-Ninth Legislature, page 17, article 3159a, does not change the venire law which requires the name of all the veniremen to be placed in a box prior to the drawing of the venire. Following Mays v. State, 50 Texas Crim. Rep., 165; 16 Texas Ct. Rep., 482.

**2.—Variance—Name of Deceased—Spelling in Indictment.**

Where upon trial for murder the indictment alleged the name of deceased as Dirarvo and the testimony showed that the name was pronounced, De-sah-vo, but the witnesses admitted that the name was properly spelled in the indictment, there was no error.

**3.—Charge of Court—Self-Defense—Character of Deceased.**

Where upon trial for murder there was no evidence that defendant had any knowledge of the character and disposition of the deceased, it was error to include this feature in the court's charge on self-defense. It was a matter of indifference to defendant whether deceased was a dangerous man or not; he had the right to defend against an assault by deceased. Following Hickey v. State, 45 Texas Crim. Rep., 297.

**4.—Charge of Court—Self-Defense—Pari Materia.**

See opinion for a charge of court on self-defense enumerating certain facts, which was not error when considered in connection with the whole charge.

Appeal from the District Court of Bowie. Tried below before the Hon. P. A. Tunrer.

Appeal from a conviction of manslaughter; penalty, two years imprisonment in the penitentiary.

No statement necessary.

*Hart, Mahaffey & Thomas,* for appellant—On question of self-defense: Morrison v. State, 37 Texas Crim. Rep., 601; Foster v. State, 28 Texas Crim. App., 51; Thornton v. State, 65 S. W. Rep., 1105.

*J. E. Yantis,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of manslaughter, his punishment being fixed at two years confinement in the penitentiary.

Appellant filed a motion to quash the special venire drawn, because only a portion of the names of the jurors drawn at the term of the court when appellant was tried were placed in the box by the clerk at the time he drew said venire, and that under the law defendant had the right to have the names of all the jurors selected for jury service at this term of the court placed in said box, and the venire drawn therefrom. The facts show that one hunderd and fourty-four persons were drawn by the jury commissioners to do jury service for the present term of the court, and when the venire in this cause was drawn by the clerk thirty-six of said one hundred and forty-four were deducted out of the list, and the venire for this case was drawn out of the remainder. The Acts of the Twenty-Ninth Legislature, page 17 (article 3159a) does not change the venire law which requires the names of all the veniremen to be placed in the box prior to the drawing of the venire. Oates v. State, 12 Texas Ct. Rep., 921; Mays v. State, 16 Texas Ct. Rep., 482, 96 S. W. Rep., 331.

Appellant further insits that the court erred in not striking out the testimony offered by the State and direct a verdict for defendant, because of a fatal variance between the proof and the allegations in the indictment as to the name of the deceased. The name of deceased as charged in the indictment is Ginizzio Dirarvo. The witness testified that the name was pronounced, De-sah-vo. But as we understand the record the witness admitted and testified that the name was properly spelled in the indictment. If we are incorrect in this, and there is any issue upon another trial as to whether his name is properly spelled in the indictment, it should be presented by the charge of the court to the jury.

Appellant complains of the following portion of the court's charge: "If from the evidence you believe the defendant killed the said Ginizzio Dirarvo, but further believe that at the time of so doing the deceased had made an attack on him which, from the manner and character of it, and from the character of the weapon used, if any, and the defendant's knowledge of the character and disposition of the deceased, and from all the evidence in this case, caused him to have a reasonable expectation or fear of death or serious bodily injury, and that acting under such reasonable expectation or fear, the defendant killed the deceased, then you should acquit him; and if the deceased was armed at the time he was killed and was making such attack on defendant, and if the weapon used by him and the manner of its use was such

as were reasonably calculated to produce death or serious bodily harm, then the law. presumes the deceased intended to murder or aimed to inflict serious bodily injury upon the defendant." The error pointed out by appellant is, that such charge is too restrictive and limited the evidence with reference to the character of deceased and defendant's knowledge of the character and disposition of the deceased: there being no testimony whatever that defendant had any knowledge of the character and disposition of the deceased. This charge is erroneous. It was a matter of indifference to appellant whether deceased was a dangerous man or not. When he was shooting at appellant, appellant had the right to defend against such assault. Hickey v. State, 45 Texas Crim. Rep., 297.

Appellant also objects to the following portion of the court's charge: "If you believe from the evidence that the deceased shot at the defendant first with a pistol; and if you further believe from the evidence that this caused the defendant to have a reasonable expectation or fear of death or serious bodily injury, and that acting under such reasonable expectation or fear, the defendant shot the deceased, then I charge you, that the defendant had the right to continue to shoot him as long as it appeared to him, viewed from his standpoint, at the time, that danger existed to his life or to his person, that is, that there was danger of either losing his life or to his person, that is, that there was danger of either losing his life or suffering serious bodily injury, at the hands of the deceased. It was not necessary that danger did in fact exist to the life or person of defendant, provided you believe from all the evidence, that it reasonably appeared to defendant, viewed from his standpoint, at the time that such danger existed to his life or person, if you find the above facts are true, then you will find the defendant not guilty, on the ground of self-defense. The objection is to that portion of the charge which reads, "if you find the above facts are true." The insistence is that to entitle defendant to a verdict of not guilty upon the ground of self-defense it was not necessary that the jury should find the facts enumerated in said charge to be true. We do not believe that said charge, when considered in connection with the entire charge of the court injured or was calculated to injure the rights of appellant. On the other hand, the court tells the jury, if they believe that defendant thought his life was in danger or his person in danger of serious bodily injury, and he acted under such appearances, then they should find him not guilty, regardless of whether he was injured or not. The court properly gave a charge on reasonable doubt to the jury on all phases of the case.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*