**Leshon DYNES, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 44976.

Court of Criminal Appeals of Texas.

May 9, 1972.

Ray Epps, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Charles Cates, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

### OPINION

MORRISON, Judge.

The offense is aggravated assault of a police officer; the punishment, ninety (90) days.

The sufficiency of the evidence is not challenged.

Appellant's sole ground of error is that the court erred in denying his motion "to have the [jury] panel reshaken in accord with Art. 35.11 [1] of the [Vernon's Ann.] Code of Criminal Procedure."

The record reflects that on the day of the trial appellant filed a motion requesting the "Jury Shephard in the central jury room for criminal cases in Harris County, Texas, [to] cause the names of all the members of the general panel qualified as jurors to be placed in a receptacle and well-shaken, and the said Jury Shephard or clerk of the Court shall draw therefrom the names of a sufficient number of jurors from which a jury may be selected to try such case, . . ."

The trial court denied the motion.

In Gonzalez v. State, 468 S.W.2d 85, the appellant made an identical request. The Harris County trial court did not require a reshuffling of the entire jury panel but did shuffle the cards of those jurors assigned to his court. Affirming, this Court concluded:

"The trial judge noted that he was unable to get all of the central jury panel cards because other courts had already drawn from the central panel, but the panel of forty-five for which he had cards were shuffled.

"The court granted all of the appellants' requests and fully complied with Article 35.11, V.A.C.C.P., in shuffling the cards containing the names of those assigned as jurors in such case.

"To require a shuffling of all cards of those in the entire central jury panel (perhaps a thousand prospective jurors) in each case would be an impossibility for each trial court in a large city. The Legislature did not provide for such a procedure."

 It, therefore, appears that under Article 35.11, supra, and Gonzalez v. State, supra, the appellant was entitled to have the names of those on the panel assigned to his case shuffled. However, since no statement of facts is included in the record, we are unable to determine whether the trial court shuffled the names of the panel assigned to his court. If the court failed to shuffle the panel once they arrived at his court, as appellant contends in his brief and by oral argument, he should have made this fact known to this court by a bill of exception or otherwise. This was not done.

Finding no reversible error, the judgment is affirmed.

---

1. Article 35.11 states:

"The trial judge, upon the demand of the defendant or his attorney, or of the State's counsel, shall cause the names of all the members of the general panel drawn or assigned as jurors in such case to be placed in a receptacle and well-shaken, and the clerk shall draw therefrom the names of a sufficient number of jurors from which a jury may be selected to try such case, and such names shall be written, in the order drawn, on the jury list from which the jury is to be selected to try such case, and write the names as drawn upon two slips of paper and deliver one slip to the State's counsel and the other to the defendant or his attorney."