**Hayward ALEXANDER, Jr., Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 49788.**

Court of Criminal Appeals of Texas.

May 28, 1975.

W. John Allison, Jr., on appeal only, Dallas, for appellant.

Henry Wade, Dist. Atty., Maridell Templeton and E. X. Martin, Asst. Dist. Attys., Dallas, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

DAVIS, Commissioner.

Appeal is taken from a conviction for possession of heroin. After the jury returned a verdict of guilty, punishment was assessed by the court at life.

The indictment alleged the offense occurred on October 31, 1972, and the record reflects that trial began on January 16, 1973.

At the outset, appellant contends the court erred in denying his motion to shuffle the jury panel.

Article 35.11, Vernon's Ann.C.C.P. provides:

"The trial judge, upon the demand of the defendant or his attorney, or of the State's counsel, shall cause the names of all the members of the general panel drawn or *assigned as jurors in such case*

to be placed in a receptacle and well-shaken, and the clerk shall draw therefrom the names of a sufficient number of jurors from which a jury may be selected to try such case, and such names shall be written, in the order drawn, on the jury list from which the jury is to be selected to try such case, and write the names as drawn upon two slips of paper and deliver one slip to the State's counsel and the other to the defendant or his attorney." [Emphasis added]

While the record leaves something to be desired from the standpoint of clarity, it appears that appellant had announced ready, the jury panel was being seated in the courtroom, and jury lists had been prepared when the appellant presented his pro se motion to shuffle the jury panel and draw the names from a receptacle in accordance with Art. 35.11, V.A.C.C.P. The court overruled such motion, noting thereon "Not timely filed, Jury list prepared & jurors being seated before motion presented & same is not filed."

In Overton v. State, Tex.Cr.App., 490 S.W.2d 556, the prosecutor first stated that there would not be a motion to shuffle. The opinion in Overton recites:

"However, the State's attorney subsequently told the court, *prior to the voir dire examination of the jurors,* that there would be a motion to shuffle. [Emphasis appears in Overton opinion] Such motion was granted by the trial court, and the trial judge noted in the record that the motion was made prior to the seating of the jurors. The present situation is unlike the recent case of Griffin v. State, 481 S.W.2d 838 (Tex.Cr.App. 1972, wherein it was held that defense counsel was too late in filing his motion to shuffle the venire list when he did so only after unlimited questioning of the panel."

This Court concluded in Overton that no violation of Art. 35.11, supra, was shown in the trial court granting the State's motion to shuffle made prior to voir dire examination.

In Woerner v. State, 523 S.W.2d 717 (No. 49,965, 5–21–75), the defendant requested the jury panel assigned to the case be reshuffled after the State announced ready for trial, and such request was denied by the court. This Court reversed, stating: "The right to have the jury panel assigned to a case redrawn is clearly provided for in Art. 35.11, V.A.C.C.P." Dynes v. State, Tex.Cr.App., 479 S.W.2d 676, was cited in *Woerner.* In *Dynes,* it was stated: "It, therefore, appears that under Article 35.11 [V.A.C.C.P.], and Gonzalez v. State [Tex.Cr.App., 468 S.W.2d 85], the appellant was entitled to have the names of those on the panel assigned to his case reshuffled."

Article 35.11, supra, is silent as to what point in time in the trial of a case the trial judge must honor the request "of the defendant or his attorney, or of the State's counsel" to shuffle.

In Griffin v. State, Tex.Cr.App., 481 S.W.2d 838, it was held not error to refuse defendant's request to shuffle after twenty-two veniremen had been questioned. In *Overton,* it was held not to be error to grant the State's request to shuffle made prior to the voir dire examination of the jurors. While the opinion in *Overton* recites that the trial judge noted that the motion was made prior to the seating of the jurors, the opinion places emphasis on the fact that the motion was made prior to the voir dire examination. The soundness of requiring such motion to be made before voir dire begins is apparent. To allow either party to request a shuffle of the names of the jury panel after voir dire begins would be disruptive and unduly prolong the trial. Further, it would permit such an election to be based upon information already elicited on voir dire. Clearly, this was not the intent of the legislature.

In the instant case, we cannot conclude that the fact the jurors were being seated

and the list had been prepared relieved the trial judge of the duty to grant appellant's "demand" to shuffle the jury panel when such "demand" was made prior to the beginning of voir dire examination. We do not deem it significant that appellant's request for a shuffle of the panel did not bear a file mark. Article 35.11, supra, states "upon demand" of either party the trial judge shall cause such action to be taken. In the instant case, there is no question about the "demand" of appellant being brought to the court's attention as evidenced by the judge's notation on the request refusing same.

The error in refusing appellant's demand is not rendered harmless by virtue of the fact that there is no showing that appellant was forced to take an objectionable juror. Woerner v. State, supra; Moore v. State, 132 Tex.Cr.R. 403, 105 S.W.2d 250; Fontenot v. State, 379 S.W.2d 334; Rhodes v. State, 171 Tex.Cr.R. 384, 350 S.W.2d 651.

The judgment is reversed and the cause remanded.

Opinion approved by the Court.