Donald Owen COMO, Appellant,

v.

The STATE of Texas, Appellee.

No. 53637.

Court of Criminal Appeals of Texas.

Oct. 26, 1977.

---

R. Leon Pettis and Donald L. Boudreaux, Beaumont, for appellant.

Tom Hanna, Dist. Atty., and Paul E. Naman, Asst. Dist. Atty., Beaumont, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for delivery of heroin. Punishment was assessed by the jury at fifty (50) years' imprisonment.

Initially, appellant contends the trial court committed reversible error in refusing his "motion to shuffle prospective jurors." The record reflects that the appellant filed such motion [1] on February 9, 1976 and the trial judge denied the motion. A jury was then selected, but a mistrial later declared. A new jury was selected, but on February 11, 1976 another mistrial was declared. On February 23, 1976 the case was again called for trial. Prior to trial the transcription of the court reporter's notes (statement of facts) reflects that appellant renewed all his pretrial motions filed prior to the first trial and specifically called the trial judge's attention to his "Motion to Shuffle Prospective Jurors." The record reflects that the trial judge noted that he had ruled on this motion and that the same ruling applied. There is nothing in the record to show that the prospective jurors for the case were shuffled and redrawn.

Article 35.11, Vernon's Ann.C.C.P., provides:

"The trial judge, upon the demand of the defendant or his attorney, or of the State's counsel, shall cause the names of all the members of the general panel drawn or assigned as jurors in such case to be placed in a receptacle and well-shaken, and the clerk shall draw therefrom the names of a sufficient number of jurors from which a jury may be selected to try such case, and such names shall be written, in the order drawn, on the jury list from which the jury is to be selected to try such case, and write the names as drawn upon two slips of paper and deliver one slip to the State's counsel and the other to the defendant or his attorney."

Under this statute a defendant or the State, upon demand, is entitled to have the jury panel assigned to his case redrawn in accordance with its provisions. *Alexander v. State*, 523 S.W.2d 720 (Tex.Cr.App. 1975); *Woerner v. State*, 523 S.W.2d 717 (Tex.Cr.App.1975); *Dynes v. State*, 479 S.W.2d 676 (Tex.Cr.App.1972); *Gonzalez v. State*, 468 S.W.2d 85 (Tex.Cr.App.1971).

It thus appears that the court erred in denying the motion to have the jury redrawn.

The State argues that the cause the appellant assigned when the original motion was filed prior to the first trial was no longer applicable prior to the third trial two weeks later. However, a defendant or the State is entitled to have the jurors redrawn under Article 35.11, supra, upon demand. Cause or reason need not be assigned. Further, it is not incumbent on a defendant to show that he suffered injury by the failure of the court to follow the statutory method. *Alexander v. State, supra; Woerner v.*

---

1. *"MOTION TO SHUFFLE*

   *PROSPECTIVE JURORS*

   "COMES NOW, DONALD COMO, Defendant herein, by and through his undersigned attorney, and files this motion and for cause would show as follows to-wit:

I.

   "Defendant would show that prospective jurors have been questioned in one or more cases in this court this week prior to the commencement of this case and that therefore the names of all prospective jurors should be shuffled pri-

*State, supra; Fontenot v. State,* 379 S.W.2d 334 (Tex.Cr.App.1964); *Rhodes v. State,* 171 Tex.Cr.R. 384, 350 S.W.2d 651 (1961); *De Joyas v. State,* 141 Tex.Cr.R. 520, 150 S.W.2d 254 (Tex.Cr.App.1941); *Moore v. State,* 132 Tex.Cr.R. 403, 105 S.W.2d 250 (Tex.Cr.App.1937).

The State further argues that the motion requested a redrawing or reshuffling of the jury panel for the week and not merely the jury panel for the case and that therefore the court's action in denying the motion was not error. It is true that Article 35.11, supra, applies only to redrawing the jury panel for the case assigned to a specific court and not the entire jury panel for the week. *Boatwright v. State,* 472 S.W.2d 765 (Tex.Cr.App.1971); *Gonzalez v. State, supra.* While the motion to reshuffle the prospective jurors is not as artfully drafted as it might have been, we do not read it as requesting a redrawing of the jury panel for the week as opposed to the jury panel for the case. Further, there is nothing to show that the trial court interpreted the motion as now argued by the State and made that the basis of his ruling.

The State further calls our attention to *Dynes v. State, supra,* and contends it is dispositive of the case before us. In *Dynes* the motion to have the prospective jurors redrawn was denied. The court held that the defendant was entitled to have the prospective jurors reshuffled under Article 35.11, *supra,* but then concluded:

"... However, since no statement of facts is included in the record, we are unable to determine whether the trial court shuffled the names of the panel assigned to his (sic) court. If the court failed to shuffle the panel once they arrived at his (sic) court, as appellant contends in his brief and by oral argument, he should have made this fact known to this court by a bill of exception or otherwise. This was not done."

The *Dynes* case was affirmed.

In the instant case the transcription of the court reporter's notes (statement of facts) is in the record before us. It reflects that appellant specifically renewed his original motion and that the trial court again denied it. There is nothing to show that the trial court changed its ruling or had the jury redrawn prior to jury selection.[2] We conclude the instant case is sufficiently distinguished from *Dynes.*

Further, the viability of the *Dynes* requirement that although a motion to redraw the prospective jurors for the case is erroneously denied, the defendant in absence of a statement of facts, in the record, must make an additional showing by bill of exception or otherwise that the trial court did not later reshuffle the names of the panel for the case is highly questionable.

The court erred in refusing to reshuffle the jurors for the case. The judgment is reversed and the cause remanded.

---

or to the commencement of this court and to prior to selection of the jury herein. . . ."

2. We do not understand the State to make any claim that the names of the prospective jurors for the instant case were redrawn prior to the jury selection but not reflected by the record.