**Helen Bowen ARCHIBALD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–81–00053CR.**

Court of Appeals of Texas,
Dallas.

Nov. 6, 1981.

Rehearing Denied Dec. 15, 1982.

Discretionary Review Refused
March 17, 1982.

Dick DeGuerin, Houston, for appellant.

Henry M. Wade, Dist. Atty., John Hagler, Asst. Dist. Atty., Dallas, for appellee.

Before AKIN, FISH and ALLEN, JJ.

AKIN, Justice.

Defendant appeals from a conviction for murder. Punishment was assessed at 90 years by the jury. She contends that the judge erred in refusing to reshuffle the jury panel and that the penalty imposed was excessive for the crime committed. We agree that the judge erred in failing to cause the panel to be reshuffled. Accordingly, we reverse.

██  Defendant contends that she was denied the right to have the names of the persons drawn for the jury panel in her case shuffled in accordance with Tex.Code Crim. Pro.Ann. art. 35.11 (Vernon 1966). We agree. Tex.Code Crim.Pro.Ann. art. 35.11 provides:

> *The trial judge, upon the demand of the defendant or his attorney*, or of the State's counsel, *shall cause the names of all the members of the general panel drawn or assigned as jurors in such case to be placed in a receptacle* and well-shaken, and the clerk shall draw therefrom the names of a sufficient number of jurors from which a jury may be selected to try such case, and such names shall be written, in the order drawn, on the jury list from which the jury is to be selected to try such case, and write the names as drawn upon two slips of paper and deliver one slip to the State's counsel and the other to the defendant or his attorney. [Emphasis added].

This statute places a mandatory duty on the trial judge to cause the panel to be reshuffled upon demand. *Davis v. State*, 573 S.W.2d 780 (Tex.Cr.App.1978); *Como v. State*, 557 S.W.2d 93 (Tex.Cr.App.1977); *Alexander v. State*, 523 S.W.2d 720 (Tex.Cr. App.1975).

Prior to trial, defense counsel filed a written motion to have shuffled "the names of all person on the central panel available for service for the week of trial." The judge correctly denied this motion but granted the defendant the right to shuffle the jury panel assigned to this case, but specified that it would be done in the central jury room in the presence of both counsel. Apparently, defendant's counsel declined to avail himself of this order granting a shuffle of the panel to be done in the central jury room because later in the morning of the trial date the following took place:

> THE COURT: Let the record reflect the defendant's attorney, having asked for a shuffle of the jurors, the judge granted the shuffle, and the shuffle is to be made in the clerk's office in the Cen-

tral Jury Room, rather, the Judge ordered that the defendant be allowed to shuffle the jurors in the presence of the State's counsel, and the defendant requested that shuffle be done upstairs in the courtroom, which is denied, because that will delay the trial.

DEFENSE COUNSEL: The defendant respectfully excepts on the grounds that the Motion to Shuffle was for the entire jury panel, and all others who were present for the week, and that has been denied, has been overruled, and all I would be allowed to shuffle is the panel for this trial, after they have already been selected from the larger group downstairs, and *I will renew my Motion to Shuffle, and ask for the right to shuffle the jury panel after they are seated in this courtroom,* and respectfully except to the court's ruling that he has to shuffle, if he is going to shuffle at this time, or not at all, and will renew this Motion after the jury is seated.

THE COURT: Let the record clearly reflect *the defendant has been given an opportunity to shuffle the jury panel at—* but this is at twenty minutes to eleven, and the jury is coming at 1:00 o'clock, the court gave them a right to shuffle, the defendant and defendant's counsel himself, *the right to shuffle the jurors downstairs.*

 Later that day, when the jury had been seated in the courtroom, the following took place:

DEFENSE COUNSEL: May the record reflect that the defendant renews his motion to shuffle, and ask that he be allowed to shuffle the jury panel, is that denied?

THE COURT: Yes, it wasn't denied, *it was granted* but the way you—

DEFENSE COUNSEL: But there has never been a shuffle of the panel that is now being seated and we move to shuffle the panel. Is that denied?

THE COURT: *That is denied.*

DEFENSE COUNSEL: Respectfully except. [Emphasis added].

Regardless of where or when the shuffle was to take place, it was the trial judge's duty to see that a shuffle was had. Because no shuffle was made, the judge committed reversible error. Accordingly, the judgment is reversed and the cause remanded.