Vernon Lee BROWN, Appellant,

v.

The STATE of Texas, State.

No. 2–81–193–CR.

Court of Appeals of Texas,
Fort Worth.

Sept. 22, 1982.

Max Blankenship, Fort Worth, for appellant.

Tim Curry, Dist. Atty. and C. Chris Marshall, Asst. Dist. Atty., Fort Worth, for State.

Before SPURLOCK, HUGHES and HOLMAN, JJ.

## OPINION

HUGHES, Justice.

A jury found the appellant, Vernon Lee Brown, guilty of burglary. The jury also found two counts alleged for enhancement of appellant's punishment to be true. Appellant was sentenced to imprisonment in the Texas Department of Corrections for life.

We affirm.

Appellant does not challenge the sufficiency of the evidence to support his conviction. Only facts relevant to our disposition of his two grounds of error are discussed here.

Appellant's first ground of error is that the trial court erred in denying his motion that the jury panel be shuffled pursuant to V.A.C.C.P. art. 35.11 (1966).

It is now settled that a motion that the jury panel be shuffled must be made before the beginning of voir dire examination of the jurors. *Roberson v. State,* 582 S.W.2d 422 (Tex.Cr.App.1979); *Alexander v. State,* 523 S.W.2d 720 (Tex.Cr.App.1975). The *Alexander* court designated the beginning of voir dire as the time limit for the following reasons:

To allow either party to request a shuffle of the names of the jury panel after voir dire begins would be disruptive and unduly prolong the trial. Further it would permit such an election to be based upon information already elicited on voir dire. Clearly this was not the intent of the legislature.

Both appellant and the State agree that the question here is whether voir dire had begun. The record reflects that the jury had been seated and sworn; that the trial court had explained to the jurors the concepts of reasonable doubt, burden of proof, indictments, the presumption of innocence and opinions or bias; and that the trial court had tested the qualifications of the veniremen as is mandated by V.A.C.C.P. art. 35.12 (Supp.1982).

Following this action by the trial court, appellant's counsel moved that the jurors be reshuffled. The trial court overruled the motion as being untimely.

It has been held that "the voir dire process is designed to insure, to the fullest extent possible, that an intelligent, alert, disinterested, impartial, and truthful jury will perform the duty assigned to it." *Jones v. State,* 596 S.W.2d 134, 137 (Tex.Cr. App.1980); *De La Rosa v. State,* 414 S.W.2d 668, 671 (Tex.Cr.App.1967). The right to conduct voir dire and on the basis thereof to effectively exercise challenges peremptorily or for cause is of constitutional magnitude. *Graham v. State,* 566 S.W.2d 941 (Tex.Cr. App.1978).

While the defense attorneys and the State normally conduct the voir dire examination in Texas courts, this does not mean that the trial court itself is precluded from participating.

V.A.C.C.P. art. 35.21 (1966) provides that "the court is the judge, *after proper examination,* of the *qualifications* of a juror, and shall decide all challenges without delay and without argument thereupon". [Emphasis added.]

Article 35.12, the provision pursuant to which the trial court questioned the venire, reads as follows:

"In testing the qualification of a prospective juror after he has been sworn, *he shall be asked by the court, or under its direction* :

1. Except for the failure to register, are you a qualified voter in this county and State under the Constitution and laws of this State?
2. Have you ever been convicted of theft or any felony?
3. Are you under indictment or legal accusation for theft or any felony?" [Emphasis added.]

Reading art. 35.21 and 35.12 together, it readily appears that "proper examination" includes a trial court's asking questions as to the qualifications of the prospective jurors. In the sense that it is "proper examination", we hold that a trial court's questioning as to the qualifications of the veniremen constitutes voir dire by the trial court.

Inasmuch as voir dire had begun under the facts of this case, we hold that appellant's motion for a reshuffling was untimely. The trial court did not err in overruling said motion. The first ground of error is overruled.

Appellant's second ground of error is that the trial court erred in denying his motion for mistrial made after the State allegedly improperly commented upon appellant's failure to testify during closing argument. The first instance of alleged improper comment complained of by appellant came immediately after appellant's counsel had completed his closing argument. Counsel for appellant's closing remarks implored the jury to take note of the fact that the State's attorneys were "zealous" in attempting to obtain jury findings in their favor.

The State's attorney then took the floor and made the following complained of argument:

"Mr. Bellows: Thank you, your Honor. I get zealous. I sure do. You got people going into other people's buildings and taking their property. That upsets me. Mr. Blankenship has a client and you can look at him. *He's been sitting here this*

*whole time.* His name is Vernon Lee Brown. All right. Mr. Blankenship, able counsel with years of experience and very clever man, and I am a young prosecutor, but I also have a client. Ladies and gentlemen, that is the people of Tarrant County and the State of Texas. And I will get zealous on their behalf. . . ." [Emphasis added.]

At no time did appellant's counsel object to this argument.

 It is obvious to us that the State's argument in this first instance did not constitute an improper comment on appellant's failure to testify in violation of V.A.C.C.P. art. 38.08 (1979). In making this determination, we must view the statement from the standpoint of the jury and conclude that the language was "either manifestly intended, or of such character that the jury would naturally and necessarily take it to be a comment on the defendant's failure to testify. The language must be more than an implied and indirect allusion to defendant's silence". *Angle v. State,* 627 S.W.2d 424, 426 (Tex.Cr.App.1982).

 Here, the State's argument was merely a response to the implication, by appellant's counsel, that the prosecutors were overly zealous. The State's argument was invited and was no more than a very weak reference to appellant's failure to testify. In any event, the failure of appellant's counsel to object waived any error. *Beal v. State,* 520 S.W.2d 907 (Tex.Cr.App. 1975). There was by no means, fundamental error committed.

The second instance of alleged improper jury argument about which appellant complains was as follows:

. . . What else do you know? He was caught in the building, he was concealed, hiding. He was as well hidden as any burglar could have hidden in that building. *That's testimony, unimpeached testimony.* [Emphasis added.]

MR. BLANKENSHIP: Your Honor, I object to that as being improper argument by the State's counsel as it being unimpeached testimony, and it's argu-

ment made to the jury. It's a comment by the State's counsel that the Defendant has not testified in this case and for the jury to consider that it's unimpeached testimony—

THE COURT: I'll sustain the objection.

MR. BLANKENSHIP: I would ask the court to instruct the jury not to consider that comment by the State's counsel in any manner during their deliberation.

THE COURT: Ladies and gentlemen, you will not consider the last statement for any purpose.

MR. BLANKENSHIP: Your Honor, at this time, we move the court to declare a mistrial in this case because of the State's improper jury argument that the jury has heard.

THE COURT: Overruled.

MR. BLANKENSHIP: Note our exception.

MR. BELLOWS: I withdraw the remark.

■ Appellant's contention rests on the well-settled rule of law that a statement that certain evidence, whether physical or testimonial, is uncontroverted is a comment on the accused's failure to testify where the record indicates that no person other than the accused could have offered contradictory testimony. *Todd v. State,* 598 S.W.2d 286 (Tex.Cr.App.1980) and the cases cited therein.

■ The record reflects that appellant was apprehended, with the assistance of a police dog, on the third floor of the building which appellant had allegedly burglarized. The dog handler testified that appellant had secreted himself in the hollow portion of several pushed-together bookshelves. This exchange then took place:

Q. (By Mr. Bellows) All right. Saber had located the Defendant. What happened then?

A. (By the Witness) There was quite a bit of commotion. Saber was barking and growling and I was telling the man to come out from under the—the bookcases, and the man did subsequently come out from between the bookcases and was arrested by other officers on the scene.

Q. You had other officers with you?

A. Yes, sir, there was another officer in the—had followed me up through the building.

Q. Did you turn custody of the Defendant over to that officer?

A. Yes, sir, I did.

Q. How well hidden was the Defendant back there in those bookcases?

A. He was well hidden. As well as an actor can possibly hide himself in a building like this.

Inasmuch as the record reflects that someone other than appellant could have rebutted the testimony referred to by the State in its closing argument, we hold that no improper comment upon appellant's failure to testify was made. Such remark would not have naturally and necessarily been taken as a comment on appellant's failure to testify.

In any event, the court's instruction to the jury to disregard the comment and the withdrawal of the comment by the prosecution was sufficient to cure any error. *Wright v. State,* 582 S.W.2d 845 (Tex.Cr. App.1979). We overrule the second ground of error.

The judgment of the trial court is affirmed.