Santana YANEZ, Appellant,

v.

STATE of Texas, Appellee.

No. 11–83–061–CR.

Court of Appeals of Texas,
Eastland.

Nov. 10, 1983.

Rehearing Denied Dec. 1, 1983.

Tomas Garza, Jorge Hernandez, Tomas Garza Law Office, Lubbock, for appellant.

Norman Arnett, Dist. Atty., Sweetwater, for appellee.

RALEIGH BROWN, Justice.

This is an appeal from a conviction by a jury for the offense of possession of marihuana. Punishment was assessed at confinement in the Texas Department of Corrections for a term of four years. We reverse and remand.

▪ Appellant urges three grounds of error with no challenge to the sufficiency of the evidence. His first ground contends that the trial court erred in denying his motion to reshuffle the jury panel pursuant to TEX.CODE CRIM.PRO.ANN. art. 35.11 (Vernon 1979).[1]

*Smith v. State*, 648 S.W.2d 695 (Tex.Cr. App.1983, en banc), is dispositive of this first ground of error wherein the court said:

Under this statute, a defendant or the State is entitled, upon demand, to have the jury panel reshuffled. *Davis v. State*, 573 S.W.2d 780 (Tex.Cr.App.1978); *Como v. State*, 557 S.W.2d 93 (Tex.Cr. App.1977) .... Article 35.11 gives the defendant an absolute right to have the jury shuffled. This, of course, does not

---

**1.** Art. 35.11. Preparation of List.

The trial judge, upon the demand of the defendant or his attorney, or of the State's counsel, shall cause the names of all the members of the general panel drawn or assigned as jurors in such case to be placed in a receptacle and well-shaken, and the clerk shall draw therefrom the names of a sufficient number of jurors from which a jury may be selected to try such case, and such names shall be written, in the order drawn, on the jury list from which the jury is to be selected to try such case, and write the names as drawn upon two slips of paper and deliver one slip to the State's counsel and the other to the defendant or his attorney.

allow the defendant to demand that the panel be continually reshuffled after his first motion has been granted. He is entitled, however, to the granting of that first motion, regardless of the manner in which the jury was originally assigned by the clerk.

Furthermore, appellant need not demonstrate that the trial court's failure to shuffle the jurors upon proper motion resulted in his being harmed or having to take an unacceptable juror. *Davis*, supra; *Como*, supra. The statute is mandatory; the trial court must cause the jurors to be shuffled upon proper demand; the court erred in denying appellant's motion to reshuffle. *Archibald v. State*, 629 S.W.2d 67 (Tex.App.—Dallas 1981), pet. ref'd, (July 21, 1982); *Davis*, supra.

See also *Latham v. State*, 656 S.W.2d 478 (Tex.Cr.App.1983, en banc).

This holding makes it unnecessary to consider the other two grounds of error.

The judgment is reversed and the cause remanded.

### ON MOTION FOR REHEARING

 The State urges on motion for rehearing that the defense attorney's request that the jury be reshuffled was untimely. It contends that the motion to shuffle was made after the beginning of voir dire. The State cites *Brown v. State*, 639 S.W.2d 505 (Tex.App.—Fort Worth 1982, pet'n ref'd) in support of its position that voir dire began when the court swore the jurors and tested their qualifications to serve. We agree that *Brown* so states, but we disagree with its holding. Moreover, a close reading of *Brown* reflects that the trial court did more than merely qualify the jury.

TEX.CODE CRIM.PRO.ANN. art. 35.10 (Vernon 1981) provides:

When no challenge to the array has been made, or if made, has been overruled, the court shall proceed to try the qualifications of those present who have been summoned to serve as jurors.

TEX.CODE CRIM.PRO.ANN. art. 35.12 (Vernon 1981) provides the mode of testing the qualification of a prospective juror.[1]

TEX.CODE CRIM.PRO.ANN. art. 35.17 (Vernon 1981) provides for the voir dire examination stating in part:

Section 1. When the court in its discretion so directs, except as provided in Section 2, the state and defendant shall conduct the voir dire examination of prospective jurors in the presence of the entire panel.

In the instant case after the jury panel had been sworn, their qualifications tested, and their excuses heard, the names of the jurors remaining were placed on separate slips of paper, placed in a receptacle, shuffled, drawn, and listed according to the order in which their names were drawn. When presented with such a list, attorney for appellant requested that the jury list be shuffled.

Article 35.11, supra, is silent as to when in the trial of a case the judge must honor a request to shuffle. Case law requires that such request must be made prior to the commencement of the voir dire examination. *Stark v. State*, 657 S.W.2d 115 (Tex.Cr.App.1983, en banc); *Latham*, supra. The issue then is whether or not voir dire had commenced in the instant case. Clearly, such matters as determining who are present from the jurors summoned, hearing and determining excuses, excusing those claiming exemptions, determining the qualifications of those present and preparing a list of those present and qualified, whether shuffled at such time or not, must be accomplished before voir dire could com-

---

1. In testing the qualification of a prospective juror after he has been sworn, he shall be asked by the court, or under its direction:

 1. Except for failure to register, are you a qualified voter in this county and state under the Constitution and laws of this state?

 2. Have you ever been convicted of theft or any felony?

 3. Are you under indictment or legal accusation for theft or any felony?

mence. This is true whether or not a central panel is used.

The court in *Alexander v. State*, 523 S.W.2d 720 (Tex.Cr.App.1975), considering whether a motion to shuffle had been timely filed, held that even though appellant had announced ready, the jury panel was seated in the courtroom, and jury lists had been prepared when appellant presented his pro se motion to shuffle the jury panel, his demand was made prior to the beginning of voir dire examination and the court erred in refusing such demand. The facts in the instant case are practically identical.

We hold that appellant's request for a shuffle was made prior to commencement of the voir dire examination.

We reaffirm our prior opinion and overrule the State's motion for rehearing.