Bennie Earl Roberts v. State (12-94-00205-CR).wpd



NO. 12-94-00205-CR



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


BENNIE EARL ROBERTS,
§
 APPEAL FROM THE 173RD

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT


THE STATE OF TEXAS,

APPELLEE
§
 HENDERSON COUNTY, TEXAS

________________________________________________________________________

 This is an appeal from Appellant's conviction for the offense of delivery of a controlled
substance. A jury found Appellant guilty of the offense, and the trial court assessed Appellant's
punishment at thirty years' confinement in Texas Department of Criminal Justice, Institutional
Division. Appellant raises seventeen points of error on appeal. Because of our disposition of point
one, we will reverse and remand for a new trial.

 In point one, Appellant contends that the trial court committed reversible error by conducting
a jury shuffle after voir dire had commenced. The record reflects that the jury panel was sworn, and
the State completed its questioning of the panel. During the voir dire conducted by defense counsel,
the trial court briefly recessed the panel and conducted a conference with the attorneys. The
following exchange occurred between the judge, the court staff and the attorneys:


COURT: This list was not prepared for a drawing. It's all right, but we need to, we
need to -- get the, the shuffle, rather than drawing (Inaudible) -- it was
actually be made against the list unless y'all want to accept this.


CLERK: I can put them on here just like that unless you want a shuffle.


COURT: They needed to be shuffled. I'd say shuffle them unless you--


DEFENSE COUNSEL: Let me think about it about 30 second (sic), Your Honor.


COURT: I can understand if you want to, we can make it without any inconvenience
that's not, that's beside the point, the selections are more important than
that.


STATE: No problem. No problem.


At this point, the court was interrupted with a matter concerning an individual juror, and then
reassembled the panel for questioning. Before questioning resumed, defense counsel asked for a
bench conference. During the bench conference, the court and defense counsel discussed the jury
shuffle, and stated the following:

DEFENSE COUNSEL: Judge, if it would -- it might save some time if we, if we, if we
went forward. It seems to me on behalf of the Defendant that the
shuffle should have already been made --


COURT: It's going to be made. It's in the process.


DEFENSE COUNSEL: But it should have been made before the voir dire and it -- part
of the voir dire focuses on the sitting of the person, and the --
what we've got is a panel that wasn't, you know, we didn't go
strictly by the Rule in the seating order.


COURT: I don't know of any rule that says when you can shuffle. It says you may
before the selection.


DEFENSE COUNSEL: My understanding is is that on behalf of the Defendant that we
would object to the shuffle because the shuffle should have been
-- it should have been shuffled, but it should have all ready (sic)
occurred.


The trial court then overruled Appellant's objection. 

 At the conclusion of voir dire, Appellant offered Defendant's Exhibit Number 1, which was
a copy of the list of jurors that had been furnished by the clerk of the court, and reflected the original
order of the jurors. The trial court admitted the exhibit. Defense counsel then lodged the following
objection:


DEFENSE COUNSEL: Then on behalf of the Defendant we would object that the jury
was not called and seated in the order by which the voir dire, by
which the Defendant was required to exercise his strikes and that
the Defendant was required to exercise his strikes with a jury list
different in order than the way the jury was seated in the Voir
Dire Examination.


STATE: Your Honor, could I say one more thing regarding that matter? I believe that if my
old memory serves me correctly [defense counsel] is the one that asked for the
shuffle and so anything he's gripping (sic) about there is just his own cup of tea.


COURT: The court shuffled the jury list only after it was requested, period. And
that was after this jury has been seated according to the, to the list which
the Clerk firmly stressed as the jury, as the jury was, I presume the list in
which the jury was first seated was the list that was prepared by the jury
commission or however the jury panel was first selected, and the Court
order (sic) the shuffle and it was done after and upon the first request that
the jury, that the Court had to reshuffle, to make a shuffle and to draw a
list.


STATE: Your Honor, would the record reflect that the State and the defense both
struck off the same list. Not the same list, but -- 


COURT: Yes, sir. Yes, sir.


DEFENSE COUNSEL: Judge, for the record it is my recollection that I objected on
behalf of the Defendant to shuffle, the Court did it anyway on the
Court's own motion.


COURT: That is, if that is the case and there was no request for the Court to
shuffle, the court did it anyway on the Court's own motion the first time
it was brought to the Court's attention. Do I have, do I have the list of the
State and the Defendant?


CLERK: Judge, I am doing the list now. (emphasis added).


The court then overruled Appellant's objection to the jury panel.

 The issue was raised again in Appellant's motion for new trial. Appellant claimed that the
jury shuffle was made after Appellant's voir dire of the jury panel, without his request and over his
objection. At the hearing on the motion, the State acknowledged that the shuffle occurred after the
conclusion of voir dire, but stated that it was done upon the request of Appellant. The State claimed,
without supporting authority, that the shuffle was within the discretion of the trial court and did not
constitute harm because only two jurors were moved from the back of the panel to the front. 
Appellant's motion for new trial was overruled. 

 On appeal, Appellant argues that the erroneous shuffle was conducted sua sponte, but cites
case law discussing both sua sponte jury shuffles and shuffles performed at the request of one of the
parties. Because of conflicting statements in the record, it is difficult to discern whether: (1) the
shuffle was made sua sponte by the trial court (1), or (2) the shuffle was conducted after timely request
by Appellant. Since there is no evidence in the record of a request to shuffle by Appellant other than
the statements made by the prosecution and the court, and since Appellant maintained that no request
was made, it appears that the shuffle was conducted on the court's own motion. The issue of sua
sponte shuffles has been rarely addressed. It is well settled that sua sponte shuffles occurring prior
to the commencement of voir dire (2) do not foreclose Appellant's right to subsequently shuffle the jury. 
Wilkerson v. State, 681 S.W.2d 29 (Tex. Cr. App. 1984); Latham v. State, 656 S.W.2d 478 (Tex.
Cr. App. 1983); Smith v. State, 648 S.W.2d 695 (Tex. Cr. App. 1983). However, the Court of
Criminal Appeals stated in Alexander v. State, 523 S.W.2d 720, 721 (Tex. Crim. App.1975) that it
disfavors shuffles which occur after questioning the venire on the law and facts:


 To allow either party to request a shuffle of the names of the jury panel after voir dire begins would
be disruptive and unduly prolong the trial. Further, it would permit such an election to be based upon
information already elicited on voir dire. Clearly, this was not the intent of the legislature. 



 In the present case, the shuffle occurred after voir dire was completed. The persons seated
in the last two seats, which may have been questioned less than other panel members, were shuffled
into the strike zone and Appellant had to exercise a strike to remove one of them from the panel. 
Accordingly, we conclude that since the voir dire had already been completed when the shuffle was
performed, and since the shuffle resulted in the shifting of two jurors from the back to the front of
the panel, the trial court erred in conducting a sua sponte shuffle.

 If the shuffle had been made after Appellant's timely request, (3) the court was required to
follow the procedure for conducting a jury shuffle, which is set forth in Article 35.11 of the Texas
Code of Criminal Procedure, as follows:


 The trial judge, upon demand of the defendant or his attorney, or of the State's counsel, shall cause
a sufficient number of jurors from which a jury may be selected to try the case to be randomly selected
from the members of the general panel drawn or assigned as jurors in the case. The clerk shall
randomly select the jurors by a computer or other process of random selection and shall write or print
the names, in the order selected, on the jury list from which the jury is to be selected to try the case. 
The clerk shall deliver a copy of the list to the State's counsel and to the defendant or 

 his attorney.


Tex. Code Crim. Proc. Ann. art. 35.11 (Vernon Supp.1997) (emphasis added).

 If Appellant had lodged a timely request to shuffle in compliance with Tex. Code Crim.
Proc. Ann. art. 35.11, this request was effectively overruled by the trial court's failure to shuffle at
that time. Refusal of the trial judge to comply with a defendant's timely request for a shuffle
constitutes reversible error, and an aggrieved defendant need make no showing of harm. Jones v.
State, 833 S.W.2d 146, 147-48 (Tex. Cr. App. 1992); Wilkerson, 681 S.W.2d at 30.

 For the foregoing reasons, we hold that the trial court committed reversible error in
conducting a jury shuffle after the conclusion of voir dire. Point one is sustained.

 The judgment of the trial court is reversed and remanded for new trial.




 ROBY HADDEN 

 Justice



Opinion delivered August 29, 1997.

Panel consisted of Ramey, Jr., C.J., Holcomb, J., and Hadden, J.























(DO NOT PUBLISH)
1. A shuffle could be sua sponte if it was made without a request by either party, or if the requests of the
parties were untimely.
2. In Yanez v. State, 677 S.W.2d 62 (Tex. Cr. App. 1984), the Court of Criminal Appeals stated that 
voir dire examination of the jury panel commences after all of the members of the jury panel have been shown to be
qualified to serve as jurors in the cause and are seated in the courtroom. 
3. A request is timely if it was made prior to the commencement of voir dire. See Williams v. State,
719 S.W.2d 573, 575 (Tex. Cr. App.1986)