**Nelson WILLIAMS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. A14–85–387–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

March 20, 1986.

Frumencio Reyes, Jr., Houston, for appellant.

John B. Holmes, Jr., James C. Brough, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and SEARS and ELLIS, JJ.

OPINION

SEARS, Justice.

Appellant was convicted by a jury of the offense of murder, and the trial court assessed his punishment at imprisonment for a term of seventy-five years. We affirm.

On July 13, 1983, the body of Nathaniel Franklin, the deceased, was found in an empty lot in Harris County, Texas. A length of pipe was recovered at the scene of the crime. The autopsy revealed that the cause of death was a fractured skull and damage to the brain. The coroner testified that the injury and death resulted from a blow to the head with a pipe or pipe-like instrument.

Following a lengthy investigation, another person was arrested and charged with the murder. This individual gave police officers the name of appellant and testified during the trial that appellant told him he had hit the deceased "once or twice." The son of the deceased testified that he had seen his father in the company of two other men immediately prior to his death. One of the men was hitting his father with a bag. During the early stages of the investigation the son told police he did not think he could recognize the two men he had seen with his father. However, he testified in court that appellant was the person who was striking his father and that he had recognized the appellant at a pre-trial hearing in the courtroom approximately two months prior to the trial. Another witness, who lived in the neighborhood where the crime was committed, testified that he saw the deceased leave a corner store and saw the appellant follow minutes later. He testified that appellant admitted to him that he hit the deceased in order to take the deceased's money. The witness further testified that appellant subsequently told him that he was going to "silence" people who might be talking to the police about him, and requested that this witness help him "hussle" some money so that appellant could get away from the area. The appellant's mother testified that the appellant was home on the evening of the murder and that he left home for a short period of

time to go to the store. After returning from the store, she testified appellant did not leave the house again.

 In ground of error number one, appellant alleges the prosecutor injected new and harmful facts into evidence and that this was calculated to prejudice the jury and the rights of appellant. During the closing argument to the jury at the guilt/innocence stage, the prosecutor discussed reasons why the jury should believe the state's witnesses and convict the appellant of the crime as charged. There was evidence during the trial that neighborhood witnesses were usually afraid to come forward and talk to the police or give testimony against persons accused of a crime. Additionally, there was the testimony that the appellant was going to "silence" any persons who might be talking to the police. The prosecutor concluded his argument by saying, "You're not going to help that community by putting that man back in there and nobody in that community wants him back in there." Appellant's attorney objected, the court sustained the objection and instructed the jury to disregard. Appellant relies upon *Cortez v. State*, 683 S.W.2d 419 (Tex.Crim.App.1984), for the proposition that the state cannot ask the jury to find the accused guilty because of the demands of the community. However, in *Cortez* the court of criminal appeals found that it was error to *overrule* the objection. Testimony shows that the neighborhood witnesses were all ex-convicts who were concerned that a neighbor was murdered, and they expressed concern that it could happen to one of their relatives. Further, there was the evidence of attempts or threats to silence any person who might talk to the police about the crime. We believe the argument was a reasonable deduction from the evidence. *See Hughes v. State*, 563 S.W.2d 581 (Tex. Crim.App.1978). Further, in the event it was error, we believe it was cured by the instruction to disregard. *Davis v. State*, 645 S.W.2d 817 (Tex.Crim.App.1983). Ground of error one is overruled.

 In ground of error number two, appellant complains of the prosecutor calling the defense attorneys "liars," as the comment is an attack on appellant over the shoulders of counsel in an attempt to prejudice the jury. Appellant's attorney in final argument attacked the credibility of the state's witnesses, and in particular the son of the deceased who originally could not identify the two persons he saw with his father immediately prior to his death. Appellant's attorney stated that the testimony might be "tainted" because the witness identified appellant at time of trial. The prosecutor, obviously believing that this was an attack upon his integrity and an allegation of witness tampering, made the following outburst to the jury: "I'm just leaving it at this, they're liars, both of them. I have nothing more to answer to any of that garbage." Appellant cites *Fuentes v. State*, 664 S.W.2d 333 (Tex. Crim.App.1984). In *Fuentes*, the accused contended he had been beaten by the police prior to giving a confession. His attorney, in cross-examining a police officer, asked if the defendant had been put in the hospital for treatment of the injuries he sustained during the beating by the police. The prosecutor objected to the question and stated, "He is in bad faith like usual and we object to it. This is a bunch of garbage and he knows it." The court sustained the objection of the prosecutor. Appellant's attorney then made a motion for mistrial based upon the comment of the prosecutor. The court denied the motion. There was no objection to the comment, request that it be struck or request that the jury be advised to disregard. In our case, the objection was sustained and the jury was instructed to disregard the comments. The state argues that the comment was invited, and, alternatively, that appellant failed to make a specific objection. We find the comment was not invited, and the trial court knew full well the nature of the objection when the court sustained it. However, we believe that error, if any, was cured by the trial court's instruction to disregard. *See Jones v. State*, 568 S.W.2d 847 (Tex.Crim. App.1978), and *Dickson v. State*, 642

S.W.2d 185 (Tex.App.—Houston [14th Dist.] 1982, no pet.). Ground of error two is overruled.

■ In ground of error number three, appellant complains of the prosecutor's argument regarding what would happen to the state's witnesses if appellant is acquitted. Appellant complains the argument injected harmful, unsworn testimony that was calculated to prejudice appellant's rights. However, we find it was a proper comment upon the evidence, as a witness had testified that the appellant had threatened to silence any persons who might be talking to the police in regard to appellant's involvement in this crime. Ground of error three is overruled.

■ In ground of error four, appellant contends the trial court erred in refusing to reshuffle the jury panel after twelve new members were added to the panel. Appellant cites Article 35.11 of the Texas Code of Criminal Procedure, which requires the trial court, upon proper demand, to cause the names of all the members of the jury panel to be shuffled. While it is automatic reversible error to refuse such a request, *Hall v. State*, 661 S.W.2d 113 (Tex.Crim. App.1983), the defendant is entitled to only one shuffle, and the demand for a shuffle must be made prior to voir dire. *Davis v. State*, 573 S.W.2d 780 (Tex.Crim.App.1978). This case offers a rather unique situation. Originally, appellant's attorney requested that the jury panel be shuffled. The court later inquired into the request for shuffling, and appellant's attorney stated he withdrew the request after finding numerous blacks among the first thirty-two prospective jurors. The jury selection then proceeded, and nine of the original forty panelists were excused. The following day, an additional twelve venirepersons were brought into the courtroom. The defense at that time moved to have not only the new twelve jurors names shuffled, but also to shuffle the remaining thirty-one members of the original panel. This request was denied. The defense then asked that the additional twelve persons be shuffled, and the request was granted. The record reveals that the entire jury that sat in judgment of this case was selected from the original forty persons. None of the additional twelve persons sat on the jury. We find no error, and ground of error four is overruled.

The judgment of the trial court is affirmed.