## JAMES F. MOORE V. THE STATE.

No. 18985. Delivered May 5, 1937.

The opinion states the case.

*Frank D. Ivey* and *David M. Weinstein,* both of Dallas, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is burglary; the punishment, confinement in the penitentiary for five years.

The only bill of exception found in the record embraces appellant's written motion, in which he requested the trial court to draw the jury. We quote from the bill of exception, as follows:

"And which motion and request, as above set forth, on considering by the court, was in all things overruled by the court, and the court permitted the jury to be selected by the officer from the central jury and brought into court and refused to draw said jury from a receptacle as moved and requested, or cause said names of the jurors to be placed in a receptacle and well shaken and the names drawn therefrom as moved and requested by the defendant, to which action of the court the defendant then and there excepted, and here now tenders his bill of exception No. 1, and asks that same be examined and approved, signed and filed as part of the record of this cause."

No qualification is appended to the bill.

Dallas County has more than three district courts. We quote Art. 626, C. C. P., as follows:

"In counties having three or more district courts, the trial judge, upon the demand of the defendant or his attorney, or of the State's counsel, in a case not capital, shall cause the names of all the members of the general panel available for service as jurors in such case to be placed in a receptacle and well shaken, and said judge shall draw therefrom the names of a sufficient number of jurors from which a jury may be selected to try such case, and such names shall be written, in the order drawn, on the jury list from which the jury is to be selected to try such case. Within the meaning of this article, a criminal court with jurisdiction in felony cases shall be considered a district court."

Art. 627, C. C. P., provides:

"When the parties have announced ready for trial in a case not capital, the clerk shall write the name of each regular juror entered of record for that week on separate slips

of paper, as near the same size and appearance as may be, and shall place the slips in a box and mix them well."

Art. 628, C. C. P., reads as follows:

"The clerk shall draw from the box, in the presence of the court, the names of twenty-four jurors, if in the district court, or so many as there may be, if there be a less number in the box; and the names of twelve jurors, if in the county court, or so many as there may be, if there be a less number in the box, and write the names as drawn upon two slips of paper and deliver one slip to the State's counsel and the other to the defendant or his attorney."

A similar situation was presented in Bell v. State, 243 S. W., 1095. In that case the court refused Bell's request that the names of the jurors be drawn in the manner directed by the statute. In the original opinion, in reversing the judgment of conviction, this court, speaking through Judge Lattimore, used language as follows:

"We know of no reason, nor is any assigned, for upholding the refusal of the right to have the names drawn in the manner directed by this statute. It was requested. It was refused. A plain right given by law was denied. The case will be reversed."

In the opinion on motion for rehearing in Bell's Case, this court, speaking through Judge Hawkins, overruled the contention of the State that it was necessary that the bill of exception complaining of the refusal of the court to have the names of the jurors drawn show injury. In the course of the opinion, Adams v. State, 50 Texas Crim. Rep., 586, was quoted from as follows:

"It is no answer to this requirement of the statute, to urge that no injury is shown; that appellant, by the means adopted, was furnished with a fair and impartial jury. We might go further and say, according to this reasoning, the court might adopt any method outside of the statute which might secure a fair and impartial jury. The law has ordained a tribunal for the trial of criminal cases, and has provided the method of selecting a jury, and there is no authority to resort to any other method, and it is not incumbent on appellant to show that he suffered injury by the failure of the court to follow the statutory method."

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has

been examined by the Judges of the Court of Criminal Appeals and approved by the Court.