Jimmie WOERNER, Appellant,

v.

The STATE of Texas, Appellee.

No. 49965.

Court of Criminal Appeals of Texas.

May 21, 1975.

R. Norvell Graham, Jr., San Antonio, for appellant.

Ted Butler, Dist. Atty., Dick Ryman, Sharon MacRae and Susan D. Reed, Asst. Dist. Attys., San Antonio, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

BROWN, Commissioner.

The conviction is for burglary with intent to commit theft; the punishment, assessed by the jury, nine (9) years, probated.

In appellant's second ground of error, he contends the court erred in failing to shuffle the names of the panel of jurors assigned to the case.

At the beginning of the trial, after the State announced ready, appellant moved that the jury panel be quashed. Subsequent to the denial of this motion, appellant requested the court to reshuffle the jury panel and redraw. This was also denied.

The right to have the jury panel assigned to a case redrawn is clearly provided for in Art. 35.11, Vernon's Ann.C.C.P. See Dynes v. State, Tex.Cr.App., 479 S. W.2d 676. The State contends that appellant has shown no harm as a result of being tried by a "non-random drawn jury." We quote from Moore v. State, 132 Tex. Cr.R. 403, 105 S.W.2d 250, where this same problem was presented:

" 'It is no answer to this requirement of the statute to urge that no injury is shown; that appellant, by the means adopted, was furnished with a fair and impartial jury. We might go further, and say, according to this reasoning, the court might adopt any method outside of the statute which might secure a fair

and impartial jury. The law has ordained a tribunal for the trial of criminal cases, and has provided the method of selecting a jury, and there is no authority to resort to any other method, and it is not incumbent on appellant to show that he suffered injury by the failure of the court to follow the statutory method.' " [1]

The judgment is reversed and the cause remanded.

Opinion approved by the Court.

---

1. Moore, supra, has been cited with approval in the following cases: De Joyas v. State, 141 Tex.Cr.R. 520, 150 S.W.2d 254; Rhodes v. State, 171 Tex.Cr.R. 384, 350 S.W.2d 651; Fontenot v. State, Tex.Cr.App., 379 S.W.2d 334.