**Raymond DAVIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 55660.**

Court of Criminal Appeals of Texas, Panel No. 3.

June 7, 1978.

Rehearing Denied Dec. 20, 1978.

H. L. Edwards, Nacogdoches, for appellant.

Herbert B. Hancock, Dist. Atty., Nacogdoches, for the State.

Before ROBERTS, ODOM and TOM G. DAVIS, JJ.

OPINION

TOM G. DAVIS, Judge.

Appeal is taken from a conviction for murder. Punishment was assessed by the jury at 25 years.

The appellant contends that the trial court erred by denying his motion to reshuffle the jury panel for his case.

The record reflects that prior to trial the appellant filed a written motion requesting that the jury panel drawn or selected for his trial be re-drawn in compliance with Art. 35.11, V.A.C.C.P. The transcription of the court reporter's notes reflects that this motion was also orally urged to the judge before the jury panel had been brought into the courtroom for voir dire. The motion was denied by the trial judge.

Article 35.11, V.A.C.C.P., provides:

"The trial judge, upon the demand of the defendant or his attorney, or of the State's counsel, shall cause the names of all the members of the general panel drawn or assigned as jurors in such case to be placed in a receptacle and well-shaken, and the clerk shall draw therefrom the names of a sufficient number of jurors from which a jury may be selected to try such case, and such names shall be written, in the order drawn, on the jury

list from which the jury is to be selected to try such case, and write the names as drawn upon two slips of paper and deliver one slip to the State's counsel and the other to the defendant or his attorney."

Under this statute a defendant or the State, upon demand, is entitled to have the jury panel assigned to his case re-drawn in accordance with its provisions. *Como v. State*, Tex.Cr.App., 557 S.W.2d 93; *Alexander v. State*, Tex.Cr.App., 523 S.W.2d 720; *Woerner v. State*, Tex.Cr.App., 523 S.W.2d 717.

█ In the instant case, the motion was timely made before voir dire had begun. *Alexander v. State*, supra. Under Art. 35.-11, supra, the appellant had an absolute right to have the jury re-shuffled on demand. It was error for the court to deny the motion.

█ In cases where Art. 35.11, supra, has been violated, the appellant need not demonstrate that he has been harmed or that he was forced to take an unacceptable juror for the error to be reversible. *Woerner v. State*, supra; *Moore v. State*, 132 Tex.Cr.R. 403, 105 S.W.2d 250.

The judgment is reversed and the cause remanded.