**George Marshall HALL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 68717.**

Court of Criminal Appeals of Texas, En Banc.

Dec. 7, 1983.

H. Harris Hampton, Canyon, for appellant.

Stephen F. Cross, Dist. Atty. and Gregory Norris, Asst. Dist. Atty., Borger, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

TEAGUE, Judge.

George Marshall Hall, appellant, was convicted of capital murder. Because the jury answered in the negative one of the special issues that was submitted, punishment was assessed at life imprisonment in the penitentiary. See Art. 37.071, V.A.C.C.P. We will reverse.

The record reflects that the procedure used to obtain the jury which heard this capital murder case was a mirror image of what transpired in *Esquivel v. State,* 595 S.W.2d 516 (Tex.Cr.App.1980), cert. denied, 449 U.S. 986, 101 S.Ct. 408, 66 L.Ed.2d 251 (1980). There, this Court approved the procedure of summoning in a capital murder case groups of 24 or 25 persons each, rather than summoning the prospective jurors one at a time. In this instance, the trial court summoned three groups of 24 persons each, from which the jury was selected.

Because appellant makes no issue of the way the prospective jurors were summoned to the central jury assembly room, or assigned to and seated in the courtroom where his cause was heard, we need not concern ourselves with the procedures that were invoked and applied prior to those times.

In *Esquivel,* supra, the defendant did not request a shuffle of any of the groups of persons after they had been assigned to and seated in the courtroom where the defendant's cause was heard. Appellant, however, asserts in his first ground of error that the trial court reversibly erred when it denied his motion, which was made pursuant to Art. 35.11, V.A.C.C.P.,[1] to have the names of the members of the first group of persons that had been assigned to and seated in the courtroom shuffled.

The question we must answer is whether, *in a capital felony case,* after certain prospective jurors have been assigned to and seated in the courtroom where the cause is to be heard, if the defendant timely and properly demands or requests that the names of those persons be shuffled, must

---

1. Art. 35.11 provides as follows:
   The trial judge, upon the demand of the defendant or his attorney, or of the State's counsel, shall cause the names of all the members of the general panel drawn or assigned as jurors in such case to be placed in a receptacle and well-shaken, and the clerk shall draw therefrom the names of a sufficient number of jurors from which a jury may be selected to try such case, and such names shall be written, in the order drawn, on the jury list from which the jury is to be selected to try such case, and write the names as drawn upon two slips of paper and deliver one slip to the State's counsel and the other to the defendant or his attorney.

the trial judge honor that demand or request?

■ This Court has held repeatedly in non-capital felony cases that if the defendant invokes the mandatory provisions of Art. 35.11, supra, he is entitled as a matter of law to have the names of those persons assigned to and seated in the courtroom where his case will be heard shuffled. It is automatic reversible error to refuse such a request. See *Latham v. State,* 656 S.W.2d 478 (Tex.Cr.App.1983), and the cases cited on page 479. Also see *Stark v. State,* 657 S.W.2d 115 (Tex.Cr.App.1983), and *Smith v. State,* 648 S.W.2d 695 (Tex.Cr.App.1983).

The assistant district attorney who argued for the State in this cause all but conceded that the authorities cited in *Latham* control the disposition we must make of appellant's assertion. However, we find that neither the holding in *Latham* nor the holdings in the cases cited in *Latham,* although in point in principle, literally control this case because they concerned non-capital felony cases, and not capital felony cases. As has been noted, appellant was accused and convicted of committing the capital felony offense of capital murder.

However, we quickly point out that Art. 35.11, supra, is not worded in such fashion to exclude its applicability to capital murder cases where the provisions of Art. 34.01, V.A.C.C.P.,[2] have not been invoked, nor does the statute state that it applies to both capital and non-capital felony cases.

Although we acknowledge that there are obvious differences between the selection of a capital murder jury and a non-capital felony jury, we have concluded that when it comes to the parties deciding whether to have a shuffle of the panel or group of persons who are assembled and seated, after which the parties will exercise their peremptory challenges, there is no substantial difference whether one labels the cause a capital felony case or labels it a non-capital felony case. We also find little significance in the fact that, rather than an entire panel of 72 persons, or some other such number, being assigned to and seated in a courtroom, that, instead, three groups of 24 persons each were assigned to and seated in the courtroom in which appellant was tried.

Experience teaches us that prospective jurors in non-capital felony cases are usually assigned from the central jury room to trial courts by panels, whereas in capital felony cases, where the provisions of Art. 34.01, supra, have not been invoked, they are usually assigned by groups, with the number assigned being dependent on the preference of the involved trial judge. Our reading of *Esquivel,* supra, and other cases, reveals that this Court has always used the word "panel" synonymously with the word "group," and vice versa.

In this instance, the trial judge summoned from the central jury assembly room three groups of 24 persons each. The record reflects that after the first group was seated inside the courtroom, appellant, through counsel, requested that a shuffle of the names of those persons occur, but such request was refused by the trial judge. The prosecuting attorney did not oppose the request. The trial judge stated into the record that he believed that the provisions of Art. 35.11, supra, applied only in the instance where there was a "special number

2. Art. 34.01, V.A.C.C.P., provides as follows:

A "special venire" is a writ issued in a capital case by order of the district court, commanding the sheriff to summon either verbally or by mail such a number of persons, not less than 50, as the court may order, to appear before the court on a day named in the writ from whom the jury for the trial of such case is to be selected. Where as many as one hundred jurors have been summoned in such county for regular service for the week in which such capital case is set for trial, the judge of the court having jurisdiction of a capital case in which a motion for a special venire has been made, shall grant or refuse such motion for a special venire, and upon such refusal require the case to be tried by regular jurors summoned for service in such county for the week in which such capital case is set for trial and such additional talesmen as may be summoned by the sheriff upon order of the court as provided in Article 34.02 of this Code, but the clerk of such court shall furnish the defendant or his counsel a list of the persons summoned as provided in Article 34.04.

from which a jury could be selected," and, because a capital murder jury usually could not be selected from only 24 persons, denied appellant's counsel's request for a shuffle.

We are unable to agree with the reason the trial judge gave for denying appellant's counsel's request for a shuffle of the first "mini jury panel." We disagree if for no other reason than that it is common knowledge that even in a non-capital felony case a jury cannot always be selected from the normal "panel" of persons assigned to hear such case. Thus, whether a jury may or may not be selected from the assembled and seated prospective jurors is not controlling.

This Court in the past, after recognizing that to give a literal interpretation to the provisions of Art. 35.11, supra, would possibly constitute appellate court error, has approved in non-capital felony cases, where requested, the shuffling only of the names of those persons who have been assigned to the courtroom where the defendant's cause is to be heard. *Gonzalez v. State,* 468 S.W.2d 85, 87 (Tex.Cr.App.1971). We continue to adhere to that holding.

We believe that when applied to a capital felony case, where the provisions of Art. 34.01, V.A.C.C.P., have not been invoked and applied, there is no reason why Art. 35.11, supra, where invoked, should not be applied to a capital murder case. In this instance, each group of prospective jurors who were assigned to and seated in the courtroom in which appellant's cause was heard amounted to nothing less than the usual panel of prospective jurors being assigned to and seated in a courtroom in a non-capital felony case.

 We therefore hold that in capital murder cases which do not involve a special venire, see Art. 34.01,[3] supra, when timely and properly requested, the accused is entitled to have the names of those persons assigned to and seated in the courtroom where the cause is to be heard, shuffled or redrawn. In denying appellant's request to have the first "mini jury panel" of prospec-

tive jurors assigned to and seated in the courtroom shuffled or redrawn, the trial judge reversibly erred.

The judgment of conviction is reversed, and the cause remanded.

ONION, P.J., and TOM G. DAVIS, W.C. DAVIS and McCORMICK, JJ., concur.

MILLER, J., dissents.

CAMPBELL, J., not participating.

---

3. We do not decide today whether, if there is a special venire, either the prosecuting attorney or the defendant or his attorney has the right to have the special venire shuffled.