Victor **CONTRERAS**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 04–86–00412–CR.

Court of Appeals of Texas,
San Antonio.

June 10, 1987.

Robert G. Garza, San Antonio, for appellant.

W.C. Kirkendall, Dist. Atty., Seguin, for appellee.

Before CADENA, C.J., and BUTTS and CHAPA, JJ.

## OPINION

BUTTS, Justice.

This is an appeal from a conviction for involuntary manslaughter. TEX.PENAL CODE ANN. § 19.05(a)(1) (Vernon 1974). After a jury trial, punishment was assessed by the court at 10 years' imprisonment.

In one point of error appellant argues the trial court erred in denying his timely motion to shuffle the veniremen. The controlling statute, TEX.CODE CRIM.PROC. ANN. art. 35.11 (Vernon 1966) provides:

The trial judge, upon the demand of the defendant or his attorney, or of the State's counsel, shall cause the names of all the members of the general panel drawn or assigned as jurors in such case to be placed in a receptacle and well-shaken, and the clerk shall draw therefrom the names of a sufficient number of jurors from which a jury may be selected to try such case, and such names shall be written, in the order drawn, on the jury list from which the jury is to be selected to try such case, and write the names as drawn upon two slips of paper and deliver one slip to the State's counsel and the other to the defendant or his attorney.

The parties in the present case agree that these events occurred: Appellant's counsel made an oral request to shuffle the jury panel which was seated in the courtroom. The trial court denied the motion because the jury panel had already been shuffled on the State's motion. The trial court and the two counsel dictated into the record what had transpired.

THE COURT: Let the record reflect in this case ... that prior to voir dire of the jury, the attorney for the State had requested that a shuffle take place as to the jury panel and that the shuffle was done. And, that the Court was then advised that the Defense desired a shuffle of the jury panel after the first shuffle had been made, and that such shuffle,

such motion to shuffle the jury panel one more time was denied by the Court.

MR. KIRKENDALL: [The record should reflect] that there is no separate jury room in Guadalupe County, that all of the jurors were seated en masse in the Courtroom, and that they were shuffled one time at the State's request, and that there was no evidence of any kind that there was other than a legitimate shuffle.

MR. GARZA: And, just that the Defense made its request, oral request for shuffle prior to the commencement of the Voir Dire of the jury panel.

THE COURT: And, the Court denied it on the basis of the Code of Criminal Procedure that upon the request of either party, either the State or—the State's Attorney, or the Defendant or the Defendant's Attorney, there shall be a shuffle done, and the Court's interpretation of that means there will be one shuffle if anybody wants it or if all three wanted it. There is one shuffle, and is not to be three shuffles because the Defendant or the State or whoever it might be doesn't like the way it came out the first time.

\*   \*   \*   \*   \*   \*

The parties agree that appellant's motion to shuffle was timely, *see Wilkerson v. State,* 681 S.W.2d 29 (Tex.Crim.App.1984), and that the statute, *supra,* is mandatory. *See Wilkerson v. State, supra; Latham v. State,* 656 S.W.2d 478 (Tex.Crim.App.1983). The question presented in this case is whether, after the jury panel has been shuffled at the proper request of the other party (the State), a defendant is entitled as a matter of right to another shuffle.

In *Wilkerson v. State, supra,* it was ruled that the trial court's *sua sponte* shuffle did not preclude that defendant's entitlement to a shuffle when his motion was timely. *Sewell v. State,* 696 S.W.2d 559 (Tex.Crim.App.1983) also made it plain that a defendant is entitled to a shuffle, if timely requested, regardless of a trial judge's *sua sponte* shuffle. This is logical because the statute itself fails to include the trial

judge as one of those entitled to a shuffle and limits the qualified movants to three: the defendant, the defendant's counsel, or the State's counsel.

The statute speaks of only one demand to be made by the defendant or his attorney or the State's counsel. In the Special Commentary which follows article 35.11 in the Texas Code of Criminal Procedure, it is stated:

> This article provides that upon demand of either party the trial judge shall cause the names of jurors in such case placed in a receptacle shaken, drawn and listed in order drawn.

It can be seen the article contemplates one request to be sufficient to cause the shuffle. In the event both the defendant and the defense counsel timely request a shuffle, only one shuffle would be caused. This would also be true if two defendants requested the shuffle in a multiple-defendant trial. The same result would occur when all the qualified movants requested a shuffle and, as in this case, when the State and the defendant each requested a shuffle.

The statute mandates one shuffle based upon the timely request of one of the three listed qualified movants, or it may be based upon separate timely requests of two or three of them. We hold the trial court did not err in denying appellant's motion to shuffle in this case because the jury panel had been shuffled on the timely request of the State's counsel.

The judgment is affirmed.