**Gene ELLIOTT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 12–91–00215–CR.**

Court of Appeals of Texas,
Tyler.

Aug. 28, 1992.

Jeff Haas, Tyler, for appellant.

Jack Skeen, Jr., Dist. Atty., Tyler, for appellee.

COLLEY, Justice.

Appellant was convicted of aggravated sexual assault of a child by a jury who assessed his punishment at ninety-nine (99) years.

Under his sole point of error, Appellant argues that the court committed reversible error by overruling his motion to redraw (shuffle) the jury panel under TEX.CODE CRIM.PROC.ANN. art. 35.11 (Vernon 1989) (hereinafter "Article 35.11"). We agree, and reverse the judgment and remand the cause.

The record reveals without dispute that the list of jurors was redrawn by the clerk on the State's motion *before* the panel was seated in the courtroom. When the redrawn list of jurors were seated, the Appellant made a motion to "shuffle" the jurors. The court denied the motion.

In *Contreras v. State,* 733 S.W.2d 646, 647–48 (Tex.App.—San Antonio 1987, pet. ref'd), the court interpreted article 35.11 as mandating only "one shuffle" on the motion of either the State or the Defendant, *provided* the jury panel was seated in the courtroom in the order as originally drawn or summoned when the motion was made. On the other hand, in circumstances like those here, where the State's motion to "reshuffle" the jurors was made and granted before the jurors were seated in the courtroom, the Appellant was entitled to have the panel redrawn (reshuffled) after he had the opportunity to observe the order in which they were seated. *Stark v. State,* 657 S.W.2d 115, 116 (Tex.Cr.App.1983); *Smith v. State,* 648 S.W.2d 695 (Tex.Cr. App.1983); *see also Jones v. State,* 833 S.W.2d 146 (Tex.Cr.App.1992). We sustain Appellant's point of error, reverse the judgment and remand the cause for a new trial.

*Wilkerson v. State,* 681 S.W.2d 29, 30 (Tex. Cr.App.1984).