**William Wesley CHAPPELL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 71025.**

Court of Criminal Appeals of Texas, En Banc.

Feb. 3, 1993.

Rehearing Denied April 7, 1993.

Michael Logan Ware, Fort Worth, for appellant.

Tim Curry, Dist. Atty., and C. Chris Marshall, Tanya S. Dohoney and Michael Parrish, Asst. Dist. Attys., Fort Worth, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

BAIRD, Judge.

Appellant was convicted of capital murder pursuant to Tex.Penal Code Ann. § 19.-

1. Tex.Penal Code Ann. § 19.03 provides in part:

   (a) A person commits an offense if he commits murder as defined under Section 19.-02(a)(1) of this code and:

   \* \* \* \* \* \*

   (2) the person intentionally commits the murder in the course of committing or attempting to commit kidnapping, burglary, robbery, aggravated sexual assault, or arson;

2. Appellant was convicted on November 18, 1989. All references to Tex.Code Crim.Proc. Ann. art. 37.071 will be to the statute as it appeared then, prior to its amendment on September 1, 1991.

   Tex.Code Crim.Proc.Ann. art. 37.071, § 2(b) provides:

   (b) On conclusion of the presentation of the evidence, the court shall submit the following three issues to the jury:

   (1) whether the conduct of the defendant that caused the death of the deceased was committed deliberately and with the reasonable expectation that the death of the deceased or another would result;

   (2) whether there is a probability that the defendant would commit criminal acts of vio-

03(a)(2).[1] The jury affirmatively answered the two issues submitted pursuant to Tex. Code Crim.Proc.Ann. art. 37.071, § 2(b).[2] Punishment was assessed at death. Tex. Code Crim.Proc.Ann. art. 37.071, § 2(e). Appeal to this Court is automatic. Tex. Code Crim.Proc.Ann. art. 37.071, § 2(h). We will reverse.

### I.

As appellant does not challenge the sufficiency of the evidence to support his conviction, we will dispense with a recitation of any facts unnecessary to the resolution of the point of error under consideration. In his nineteenth point of error, appellant contends the trial judge erred in granting the State's motion to shuffle the venire after the venire had been shuffled at appellant's request.[3] For the following reasons, we agree and sustain appellant's nineteenth point of error.

### II.

The venire was shuffled twice, first on appellant's motion, and again on the State's motion. Appellant contends only one shuffle is allowed under Tex.Code Crim.Proc. Ann. art. 35.11.[4] The State contends that

lence that would constitute a continuing threat to society; and....

3. In his amended brief, appellant's nineteenth point of error contends:

   THE TRIAL COURT REVERSIBLY ERRED BY GRANTING THE STATE A SECOND JURY SHUFFLE OVER APPELLANT'S OBJECTION.

4. Tex.Code Crim.Proc.Ann. art. 35.11 reads as follows:

   The trial judge, on the demand of the defendant or his attorney, or of the State's counsel, shall cause a sufficient number of jurors from which a jury may be selected to try the case to be randomly selected from the members of the general panel drawn or assigned as jurors in the case. The clerk shall randomly select the jurors by a computer or other process of random selection and shall write or print the names, in the order selected, on the jury list from which the jury is to be selected to try the case. The clerk shall deliver a copy of the list to the State's counsel and to the defendant or his attorney.

   Art. 35.11 is applicable to capital murder cases. *Hall v. State*, 661 S.W.2d 113, 115 (Tex. Cr.App.1983).

there is no prohibition against a second shuffle under art. 35.11. State's amended brief, pg. 92.

### A.

█ Initially, the State contends this point of error is not preserved for appellate review for two reasons. First the State contends appellant's objection was untimely. We disagree. The record reflects that appellant made a timely and specific objection to the State's motion to shuffle the venire.[5] *See, Lankston v. State,* 827 S.W.2d 907 (Tex.Cr.App.1992). The State next contends appellant failed to obtain a ruling on the objection. Likewise, this argument is without merit. Appellant's objection was overruled when the trial judge granted the State's motion to shuffle the venire. *See generally,* Tex.R.App.P. 52(a). Accordingly, this point of error was preserved for our review.

### B.

█ Having determined the error, if any, was preserved, we now turn to address the merits of appellant's nineteenth point of error. As previously noted, appellant contends only one shuffle is allowed under Tex.Code Crim.Proc.Ann. art. 35.11. The

State contends a second shuffle is not prohibited under art. 35.11.

In *Fontenot v. State,* 379 S.W.2d 334 (Tex.Cr.App.1964), we held a second jury shuffle was not authorized, holding:

> This Bill of Exception complains of the action of the Court, over objection and exception of Defendant, after completion of the jury list under the procedure of Articles 626, 627, and 628 VACCP at the demand of the parties hereto, in permitting then, upon demand by the State's counsel, a second shuffle, not authorized by law.[6]

This complaint is, we think, meritorious and should have been granted. Appellant was here objecting to the action of the trial court in allowing the state a second shuffle, not authorized by statute.

*Id.* at 334.

The State argues *Stark v. State,* 657 S.W.2d 115 (Tex.Cr.App.1983), impliedly overruled *Fontenot.* In *Stark* the defendant objected to the trial judge's refusal to seat a venire in the courtroom before calling for any motions to shuffle. The trial judge allowed the attorneys to view the venire in the central jury room but refused the defendant's request to bring the venire

---

5. The record reveals the following colloquy relevant to the State's contention the point was not preserved for appellate review.

> The State: The State at this time ... requests a shuffle.
> Appellant: Well, better now than later.
> The State: Better now than go ahead and seating all these other folks. It's just a waste of time.
> The Court: Just send them out.
> (An off-the-record discussion was held at the bench)
>
>    \*    \*    \*    \*    \*    \*
>
> Appellant: We will have to send them all outside and send somebody outside with them.
> Was that on the record, your request?
> The State: My request for the shuffle was on the record.
> The Court: I will grant your request to shuffle.
> Appellant: We will object to the Court granting their Motion to Shuffle.
> The Court: All right. You're objecting to my granting the motion to shuffle.
> I believe there is a recent case that says that both sides have a right to request a shuffle.

> Is that Court of Appeals decision or Court of Criminal Appeals decision?
> The State: Court of Criminal Appeals.
> The Court: *Okay. You got it.* (Emphasis added.)
> (An off-the-record discussion was held at the bench)
>
>    \*    \*    \*    \*    \*    \*
>
> The Court: Okay. Let's go back on the record. Let the record reflect that the jury panel is not in the courtroom.
> Counsel for the State, you made a motion for a shuffle of the jury and *I granted your Motion to Shuffle,* and the clerk of this court has shuffled the names of the venirepersons. (Emphasis added.)
> Now, Counsel for the Defense, there was a matter that you wanted to put on the record in regard to the last shuffle.
> Appellant: Of course, Judge, we objected to the Court granting the State's Motion to Shuffle....

6. Upon the enactment of the Code of Criminal Procedure, arts. 626, 627, and 628 were repealed and replaced by art. 35.11.

to the courtroom. The State moved to shuffle the venire and the trial judge granted this motion. When the venire was seated in the courtroom the defendant moved to shuffle the venire and the trial judge denied the motion. We held appellant has an "absolute right to have the jury shuffled" and "[t]he statute ... contemplates that court business will be conducted in the courtroom." *Id.* at 116. The State contends that portion of *Stark* pertaining to the defendant's "absolute right" to a jury shuffle impliedly overruled *Fontenot* since the record revealed the State had previously requested and received a jury shuffle.

Recently, we reaffirmed the principle of *Fontenot* in *Jones v. State,* 833 S.W.2d 146 (Tex.Cr.App.1992), and distinguished our decision in *Stark.* In *Jones,* the State requested that the venire be shuffled and the trial judge granted the State's request. At the conclusion of the State's shuffle, the defendant requested a second shuffle which the trial judge denied. The court of appeals held the trial judge erred by denying the defendant's requested shuffle and reversed. On the State's petition for discretionary review, we held:

> Appellant argues that this Court's opinion in *Stark* (Citation omitted.), stands for the proposition that the defendant has the absolute right, upon timely motion, to reshuffle the panel after the State has already shuffled. We disagree with appellant's interpretation of *Stark.* The primary import of *Stark* was to decry the peculiar method used in that case to shuffle the jury panel, at the State's request, outside the courtroom without affording the defendant the opportunity to either view the panel prior to the shuffle or himself shuffle. (Footnote omitted.) *We do not construe Stark as giving a defendant the right, in all cases and under any circumstances, to*

> *reshuffle after the State has requested and obtained a shuffle under Article 35.11.*[7]

Indeed, this Court has recently indicated that Article 35.11 is satisfied upon a shuffling of the panel at the request of either the State or the defendant:

> In interpreting Article 35.11, we have determined that compliance with that statute is had when counsel for either the State *or* the defendant is allowed the opportunity to view the venire seated in the courtroom in proper sequence and is thereafter allowed an opportunity to exercise his or her option to have the names shuffled.

*Davis v. State,* 782 S.W.2d 211 (Tex.Cr. App.1989)....

In sum, we reiterate that Article 35.11 does provide that a defendant is guaranteed that the jury panel will be shuffled *once,* at either his request or the State's. *It does not mandate, however, that a defendant be allowed to reshuffle the panel after the State has caused the panel to be shuffled, absent some misconduct in the State's shuffle as was evident in Stark.* Thus, we hold that there is no "absolute right" to shuffle the jury panel in circumstances such as those extant in this case, where appellant had the opportunity to view the original panel, declined to exercise his right to shuffle, and the shuffle at the State's request was done in the courtroom.

*Jones,* 833 S.W.2d at 148–149.

In light of the foregoing cases, we hold that, absent a showing of misconduct, only one shuffle is authorized under art. 35.11.[8] *See, Contreras v. State,* 733 S.W.2d 646, 648 (Tex.App.—San Antonio 1987). Using this reasoning, the trial judge in *Jones* correctly denied the defendant's request

---

7. Unless otherwise indicated, all emphasis herein is supplied by the author.

8. The State argues the instant case is distinguishable because it involves the *grant,* not the *denial,* of a shuffle. We believe the argument is flawed because it overlooks our holding in *Fontenot,* namely, that the statutes did not authorize a second shuffle. *Fontenot,* 379 S.W.2d at 334. Although the specific statutes discussed in *Fon-* tenot have been repealed and replaced by art. 35.11, see n. 5, *supra,* we presume the Legislature was aware of our holding in *Fontenot* when it enacted art. 35.11 and had the Legislature desired, it could have provided for a second shuffle. Because art. 35.11 does not have such a provision, we decline the State's invitation to overrule *Fontenot.*

for a shuffle of the venire, and the trial judge in the instant case erred by granting the State's request for a second shuffle.[9]

## C.

■ Finally, the State contends that even if the trial judge erred in granting the second shuffle, a harm analysis is appropriate under Tex.R.App.P. 81(b)(2). State's amended brief, pgs. 98–99.

In *Fontenot* we held "no injury need be shown in order to warrant a reversal." *Fontenot*, 379 S.W.2d at 335. Our recent decision in *Cooks v. State*, 844 S.W.2d 697 (Tex.Cr.App.1992), reaffirmed this rule. Cooks argued our holding in *Fontenot*, requiring no showing of harm, should be applied to all errors in the jury selection process. Although we declined to extend our holding in *Fontenot*, we recognized its continued viability in cases involving requests for a jury shuffle. *Id.* at 726–27.[10]

Our retention of the policy established in *Fontenot* is sound. 1 Branch's 2nd Ed., § 543 provides:

Any infringement of the jury law will require a reversal without reference to whether injury to the defendant is shown. When the statute prescribes the method of procedure and compliance therewith is promptly and timely demanded, the trial court is not authorized to permit infringements of the jury law.

The rationale for this rule is perhaps best explained in an early opinion of this Court, *Adams v. State*, 50 Tex.Crim. 586, 99 S.W. 1015 (Tex.Cr.App.1907):

... It is no answer to this requirement of the statute to urge that no injury is shown; that appellant, by the means

adopted, was furnished with a fair and impartial jury. We might go further, and say, according to this reasoning, the court might adopt any method outside of the statute which might secure a fair and impartial jury. The law has ordained a tribunal for the trial of criminal cases, and has provided the method of selecting a jury, and there is no authority to resort to any other method, and it is not incumbent on appellant to show that he suffered injury by the failure of the court to follow the statutory method.

*Id.*, 99 S.W. at 1016. *See also, Moore v. State*, 132 Tex.Crim. 403, 105 S.W.2d 250, 251 (1937).

Furthermore, we have recognized that not all violations of mandatory statutes are subject to a harm analysis under Rule 81(b)(2). Specifically, we noted that violations of art. 35.11 were not subject to such an analysis in *Roberts v. State*, 784 S.W.2d 430, 435 (Tex.Cr.App.1990):

... Violation of some procedural provisions, "mandatory" in nature, was held by the Court to justify reversal of the conviction without an inquiry into harmfulness, *vel non*, of the error. A ready example is violation of Article 35.11, V.A.C.C.P., the jury shuffle statute.

\*   \*   \*   \*   \*   \*

In cases involving breach of many procedural statutes the record will contain no concrete data from which an appellate court can meaningfully gauge that the error did or did not contribute to the conviction or punishment of the accused.

*Id.* at 435.[11] *See also, Brown v. State*, 828 S.W.2d 762, 764 (Tex.Cr.App.1991) (Viola-

---

9. We are aware of the conflict between *Contreras v. State*, 733 S.W.2d 646, 648 (Tex.App.—San Antonio 1987) (art. 35.11 mandates only one shuffle), and *Urbano v. State*, 760 S.W.2d 33, 35 (Tex.App.—Houston [1st Dist.] 1988) (Second shuffle permitted under art. 35.11), and we expressly disavow the holding in *Urbano*.

10. In *Cooks* we stated:

... In *Fontenot* this court held that it was reversible error for the trial court to grant the State's request for a second jury shuffle, even in the absence of a showing of harm. *Cooks*, at 726.

11. Judge Clinton's concurrence in *Yanez v. State*, 677 S.W.2d 62, 69–71 (Tex.Cr.App.1984), provides an excellent discussion of the historical basis of Tex.Code Crim.Proc.Ann. art. 35.11.

*See also, Wilkerson v. State*, 681 S.W.2d 29, 30 (Tex.Cr.App.1984); *Hall v. State*, 661 S.W.2d 113 (Tex.Cr.App.1983); *Latham v. State*, 656 S.W.2d 478 (Tex.Cr.App.1983); *Sewell v. State*, 696 S.W.2d 559 (Tex.Cr.App.1983); *Smith v. State*, 648 S.W.2d 695 (Tex.Cr.App.1983); *Davis v. State*, 573 S.W.2d 780 (Tex.Cr.App.1978); *Como v. State*, 557 S.W.2d 93 (Tex.Cr.App.1977); *Alexander v. State*, 523 S.W.2d 720 (Tex.Cr.App. 1975); *and, Woerner v. State*, 523 S.W.2d 717

tions of Tex.Code Crim.Proc.Ann. art. 28.10 are *not* subject to Rule 81(b)(2) harm analysis).

Indeed, the State concedes we have held violations of art. 35.11 require reversal. State's amended brief, pg. 98, n. 32. The State has not persuaded us to depart from this established policy. As a violation of art. 35.11 is not subject to a meaningful harm analysis under Rule 81(b)(2), a violation of art. 35.11 necessarily requires reversal. As we held in *Fontenot,* "The right of trial by jury stands on a higher plane than expediency; and fair trial by jury means a jury selected according to the law regulating their selection and empanelment." *Fontenot,* 379 S.W.2d at 335.

Accordingly, appellant's nineteenth point of error is sustained. The judgment is reversed and the cause is remanded to the trial court.

MALONEY, J., joins parts IIA and B but concurs only as to part IIC.

MILLER and MEYERS, JJ., dissent.

McCORMICK, Presiding Judge, dissenting.

The purpose of a shuffle is to assure the random selection and seating of prospective jurors. The refusal of a shuffle to which a defendant is entitled presumes harm since the random selection is not assured. Here, however, such harm cannot be presumed since the random selection we require has been satisfied. Since there is *no* possibility that the appellant was injured by the second shuffle, the error, if any, was harmless.

I respectfully dissent.

OVERSTREET, J., joins this dissent.

(Tex.Cr.App.1975). *See generally, Latham v. State,* 656 S.W.2d 478 (Tex.Cr.App.1983), *Ferguson v. State,* 639 S.W.2d 307 (Tex.Cr.App.1982), *Como v. State,* 557 S.W.2d 93 (Tex.Cr.App.1977), *Woerner v. State,* 523 S.W.2d 717 (Tex.Cr.App. 1975), and *Dent v. State,* 504 S.W.2d 455 (Tex. Cr.App.1974).