TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-03-00099-CR

NO. 03-03-00100-CR

NO. 03-03-00101-CR






Melvin Smith, Appellant


v.


The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT

NOS. 9024197, 9024198 & 2020288, HONORABLE CHARLES F. BAIRD, JUDGE PRESIDING




M E M O R A N D U M O P I N I O N



 In December 2002, appellant Melvin Smith pleaded guilty to aggravated sexual
assault, aggravated kidnapping, and aggravated robbery. A jury assessed punishment at eighty,
thirty, and twenty years, respectively.

 Appellant's court-appointed attorney filed a brief concluding that the appeal is
frivolous and without merit. The brief meets the requirements of Anders v. California, 386 U.S. 738
(1967), by presenting a professional evaluation of the record demonstrating why there are no
arguable grounds to be advanced. See also Penson v. Ohio, 488 U.S. 75 (1988); High v. State, 573
S.W.2d 807 (Tex. Crim. App. 1978); Currie v. State, 516 S.W.2d 684 (Tex. Crim. App. 1974);
Jackson v. State, 485 S.W.2d 553 (Tex. Crim. App. 1972); Gainous v. State, 436 S.W.2d 137 (Tex.
Crim. App. 1969).

Appellant also filed a pro se brief raising two points of error, the first of which is that
his trial attorney rendered ineffective assistance. He points to several alleged errors by counsel, one
of which is that he did not request a second jury shuffle after the first shuffle, made at the State's
request, moved an African-American panelist outside the strike zone. Counsel did not have the right
to a second shuffle, and thus he cannot be faulted for failing to request one. See Chappell v. State,
850 S.W.2d 508, 511 (Tex. Crim. App. 1993).

Appellant's next criticism of his trial counsel concerns the testimony of defense
witness Dr. David G. Jones, an expert on drug addiction. Appellant's theory at trial was that he
committed these crimes while temporarily insane after smoking "fry" or "wet," marihuana soaked
in a mixture of embalming fluid and phencyclidine (PCP). See Tex. Pen. Code Ann. § 8.04(b) (West
2003). Defense counsel questioned Jones at length about the contents of a magazine article
describing the pernicious effects of "wet." After concluding this questioning, the article was
admitted in evidence for the jury's examination after both parties agreed to waive the rule prohibiting
the receipt of learned treatises as exhibits. See Tex. R. Evid. 803(18). At the same time, a second
article, this one from a professional journal and dealing with the effects of PCP, was also admitted
as a defense exhibit. Appellant urges that counsel was ineffective because he did not question Jones
regarding the contents of this journal article and, in a related complaint, was ineffective for failing
to object to the "time constraints" placed on the defense by the court.

The record does not support appellant's contention that the court placed time
constraints on the defense that forced counsel to forgo full questioning of the expert witness. To the
contrary, the trial judge repeatedly told defense counsel, "I'm not trying to rush you." The record
does not explain why counsel chose not to question Jones about the details of the journal article. 
Perhaps counsel believed that he had adequately covered the subject in his questions regarding the
magazine article. In any event, there is no evidentiary basis for concluding that counsel's decision
was outside the range of reasonable professional judgment.

Appellant also complains about counsel's decision to call David Navarre, a licensed
social worker and registered sex offender treatment provider. Navarre examined appellant and
testified, among other things, that "he meets some of the basic criteria for eligibility for probation." 
During cross-examination, however, Navarre stated that he did not have an opinion as to whether
appellant should be placed on probation. Appellant asserts that counsel should not have called
Navarre to testify because the witness "had repeatedly insisted that he should not testify because of
his test findings that appellant had a king's disorder wherein appellant could rationalize appellant
doing anything, remorseless, and without empathy, etc." This allegation is not supported by a
reference to the record. We cannot determine on the basis of this record that counsel's decision to
call the witness was an ineffective one.

Appellant asserts that his trial counsel was ineffective because he filed a motion for
psychiatric testing but did not request a competency hearing. Appellant does not, however, refer us
to any record evidence suggesting that he was, in fact, incompetent to stand trial. If counsel had no
reason to believe that appellant was incompetent, there was no basis for requesting a competency
hearing.

Finally, appellant asserts that he told his trial attorney in a "confidential discussion"
that he wanted a "jury trial where appellant could be possibly acquitted," but that counsel
nevertheless advised him to plead guilty without explaining to him that this would preclude the
possibility of an acquittal. This assertion is not supported by any evidence in the record before us.

In his second pro se point of error, appellant contends his guilty pleas were
involuntary because he was incompetent to stand trial and because he had been misled by counsel
regarding the consequences of his pleas. Once again, this contention is based on facts not shown by
the record.

We have reviewed the record, counsel's brief, and the pro se brief. We find nothing
in the record that might arguably support the appeal. Counsel's motion to withdraw is granted.

The judgments of conviction are affirmed.



 __________________________________________

 Jan P. Patterson, Justice

Before Chief Justice Law, Justices B. A. Smith and Patterson

Affirmed

Filed: February 5, 2004

Do Not Publish