# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-03-00099-CR
### NO. 03-03-00100-CR
### NO. 03-03-00101-CR

**Melvin Smith, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT
### NOS. 9024197, 9024198 & 2020288, HONORABLE CHARLES F. BAIRD, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

In December 2002, appellant Melvin Smith pleaded guilty to aggravated sexual assault, aggravated kidnapping, and aggravated robbery. A jury assessed punishment at eighty, thirty, and twenty years, respectively.

Appellant's court-appointed attorney filed a brief concluding that the appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967), by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See also Penson v. Ohio*, 488 U.S. 75 (1988); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Jackson v. State*, 485 S.W.2d 553 (Tex. Crim. App. 1972); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969).

Appellant also filed a pro se brief raising two points of error, the first of which is that his trial attorney rendered ineffective assistance. He points to several alleged errors by counsel, one of which is that he did not request a second jury shuffle after the first shuffle, made at the State's request, moved an African-American panelist outside the strike zone. Counsel did not have the right to a second shuffle, and thus he cannot be faulted for failing to request one. *See Chappell v. State*, 850 S.W.2d 508, 511 (Tex. Crim. App. 1993).

Appellant's next criticism of his trial counsel concerns the testimony of defense witness Dr. David G. Jones, an expert on drug addiction. Appellant's theory at trial was that he committed these crimes while temporarily insane after smoking "fry" or "wet," marihuana soaked in a mixture of embalming fluid and phencyclidine (PCP). *See* Tex. Pen. Code Ann. § 8.04(b) (West 2003). Defense counsel questioned Jones at length about the contents of a magazine article describing the pernicious effects of "wet." After concluding this questioning, the article was admitted in evidence for the jury's examination after both parties agreed to waive the rule prohibiting the receipt of learned treatises as exhibits. *See* Tex. R. Evid. 803(18). At the same time, a second article, this one from a professional journal and dealing with the effects of PCP, was also admitted as a defense exhibit. Appellant urges that counsel was ineffective because he did not question Jones regarding the contents of this journal article and, in a related complaint, was ineffective for failing to object to the "time constraints" placed on the defense by the court.

The record does not support appellant's contention that the court placed time constraints on the defense that forced counsel to forgo full questioning of the expert witness. To the contrary, the trial judge repeatedly told defense counsel, "I'm not trying to rush you." The record

2

does not explain why counsel chose not to question Jones about the details of the journal article. Perhaps counsel believed that he had adequately covered the subject in his questions regarding the magazine article. In any event, there is no evidentiary basis for concluding that counsel's decision was outside the range of reasonable professional judgment.

Appellant also complains about counsel's decision to call David Navarre, a licensed social worker and registered sex offender treatment provider. Navarre examined appellant and testified, among other things, that "he meets some of the basic criteria for eligibility for probation." During cross-examination, however, Navarre stated that he did not have an opinion as to whether appellant should be placed on probation. Appellant asserts that counsel should not have called Navarre to testify because the witness "had repeatedly insisted that he should not testify because of his test findings that appellant had a king's disorder wherein appellant could rationalize appellant doing anything, remorseless, and without empathy, etc." This allegation is not supported by a reference to the record. We cannot determine on the basis of this record that counsel's decision to call the witness was an ineffective one.

Appellant asserts that his trial counsel was ineffective because he filed a motion for psychiatric testing but did not request a competency hearing. Appellant does not, however, refer us to any record evidence suggesting that he was, in fact, incompetent to stand trial. If counsel had no reason to believe that appellant was incompetent, there was no basis for requesting a competency hearing.

Finally, appellant asserts that he told his trial attorney in a "confidential discussion" that he wanted a "jury trial where appellant could be possibly acquitted," but that counsel

nevertheless advised him to plead guilty without explaining to him that this would preclude the possibility of an acquittal. This assertion is not supported by any evidence in the record before us.

In his second pro se point of error, appellant contends his guilty pleas were involuntary because he was incompetent to stand trial and because he had been misled by counsel regarding the consequences of his pleas. Once again, this contention is based on facts not shown by the record.

We have reviewed the record, counsel's brief, and the pro se brief. We find nothing in the record that might arguably support the appeal. Counsel's motion to withdraw is granted.

The judgments of conviction are affirmed.

_____

Jan P. Patterson, Justice

Before Chief Justice Law, Justices B. A. Smith and Patterson

Affirmed

Filed: February 5, 2004

Do Not Publish

4