

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-11-00115-CR

_____

WILLIE HOUSTON, III, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 188th Judicial District Court
Gregg County, Texas
Trial Court No. 39,620-A

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

After pleading guilty to the offense of evading detention with a vehicle as a habitual offender,[1] Willie Houston, III, was sentenced by the trial court to fifty years' incarceration.[2] Houston appeals, claiming the trial court erred in considering the State's reference, during closing argument, to previous unadjudicated extraneous offenses.   We affirm.

Houston was stopped for erratic driving on Interstate Highway 20 in Gregg County by Trooper Michael Hearn.   While Hearn was awaiting warrant confirmation, Houston fled in his vehicle, at a high rate of speed, almost hitting several vehicles.   As Hearn pursued him, Houston exited the interstate, disregarded a red light, and crashed into a truck and trailer.   The crash severely injured both Houston and the operator of the truck.   Houston pled guilty to evading detention with a vehicle and aggravated assault with a deadly weapon.

During the punishment phase of the trial, the State utilized a demonstrative aid in closing argument, consisting of a summary by date of Houston's criminal history, taken from the presentence investigation report.   The chart reflected five convictions for evading arrest,[3]

---

[1] TEX. PENAL CODE ANN. § 38.04(b)(2)(A), (B) (West Supp. 2011).

[2] The sentence is to run concurrently with a fifty-year sentence Houston received on the same date, for aggravated assault with a deadly weapon, habitual offender.   *See* TEX. PENAL CODE ANN. § 22.02(a)(2) (West 2011).   Houston's appeal in that matter is the subject of a separate opinion, of even date, styled *Wille Houston, III v. The State of Texas*, appellate cause number 06-11-00116-CR.

[3] The chart was not introduced into evidence, but was made a part of the appellate record at Houston's request.

2

together with numerous other convictions.[4] The chart also reflected five occasions of evading arrest in which the charges were dismissed.[5] In referring to the dismissed charges, counsel for the State indicated, "Now, they were dismissed. They were taken into consideration with something else. But the fact is, he evaded." Counsel further explained, "[H]e had ten evadings prior to what we're here about today. This was not just a bad choice. This was not just a bad decision he made that day. . . ." At this point, counsel for Houston interjected,

> What I'm looking at, and what I think the prosecutor just sponsored to the Court, this chart is based on the PSI. Now, there's nothing in the PSI that I've received that indicates specifically why any of these cases were dismissed. I think it's appropriate under the law certainly the Court can consider convictions, can consider anything relevant to punishment that is proven beyond a reasonable doubt. This just shows they were dismissed, and without a showing that they were -- well, I don't think they can be considered if they were dismissed.

Counsel for the State responded,

> Your Honor, I believe it can be considered because it's in the PSI. Everything that is contained in that PSI can be considered by the Court. If you want to take out this particular section of it, that's fine. I won't refer to that, if that's what we need to do.
>
> But what I will submit to the Court is, regardless of whether they were dismissed or he pled to -- the Court, of course, is well aware of what he pled to -- he had ten evadings prior to what we're here on today.

---

[4]These include three theft convictions, two convictions for possession of a controlled substance, unlawful possession of a firearm, four convictions for burglary of a vehicle, and one conviction for burglary of a habitation, among others.

[5]In explaining the chart, counsel for the State stated,

> I think on the chart of convictions he only had maybe four or maybe five evading. When I went back and looked, he had several that were dismissed and that can be looked at by the Court because if they were dismissed and taken into consideration with another case.

Houston complains the trial court erred in allowing the State to introduce evidence of previous arrests for evading detention, when those charged offenses did not result in convictions.[6] The State asserts Houston's objection was insufficient to preserve error because the trial court did not rule on that objection.   We agree.

In order to preserve a complaint for appellate review, a defendant must present to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion.   TEX. R. APP. P. 33.1(a)(1); *Gearhart v. State*, 122 S.W.3d 459, 468 (Tex. App.—Corpus Christi 2003, pet. ref'd) (preservation of error at punishment phase requires timely objection and adverse ruling).   Absent an adverse trial court ruling which appears in the record, error is not preserved.   *Darty v. State*, 709 S.W.2d 652, 655 (Tex. Crim. App. 1986); *Campbell v. State*, 832 S.W.2d 128, 134 (Tex. App.—Corpus Christi 1992, pet. ref'd).   The adverse ruling of the trial court must be conclusive

---

[6]Houston relies on Article 37.07 of the Texas Code of Criminal Procedure, which provides, in part:

> Regardless of the plea and whether the punishment be assessed by the judge or the jury, evidence may be offered by the state and the defendant as to any matter the court deems relevant to sentencing, including but not limited to the prior criminal record of the defendant, his general reputation, his character, an opinion regarding his character, the circumstances of the offense for which he is being tried, and, notwithstanding Rules 404 and 405, Texas Rules of Evidence, any other evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to have been committed by the defendant or for which he could be held criminally responsible, regardless of whether he has previously been charged with or finally convicted of the crime or act.

TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3(a)(1) (West Supp. 2011).

and "clear from the record" or error is waived. *Ramirez v. State*, 815 S.W.2d 636, 643 (Tex. Crim. App. 1991). Here, there is no express ruling on Houston's objection.

Rule 33.1(a), however, allows for an implied ruling by the trial court. TEX. R. APP. P. 33.1(a); *Gutierrez v. State*, 36 S.W.3d 509, 510 (Tex. Crim. App. 2001). When an objection is brought to the trial court's attention, we will find the trial court made an implicit ruling on the objection only when "the trial court's subsequent action clearly addressed the complaint." *State v. Kelley*, 20 S.W.3d 147, 153 n.3 (Tex. App.—Texarkana 2000, no pet.) (considering whether trial court implicitly ruled on motion to suppress in absence of explicit ruling); *see, e.g.*, *Rey v. State*, 897 S.W.2d 333, 336 (Tex. Crim. App. 1995) (defendant's motion "implicitly overruled" when he twice requested court to make ruling and then stated that court denied his motion and neither court nor State corrected that statement); *Chappell v. State*, 850 S.W.2d 508, 510 (Tex. Crim. App. 1993) (defendant's objection to jury shuffle overruled when trial judge granted State's motion to shuffle); *Ramirez v. State*, 815 S.W.2d 636, 650 (Tex. Crim. App. 1991) (trial judge "implicitly overruled" defendant's objection to State's question by directing witness to answer question).

Here, the trial court did not respond to Houston's comment that he believed the unadjudicated offenses could not be considered because they were dismissed. Further, the trial court took no subsequent action to clearly address the objection. We, therefore, cannot say the trial court implicitly overruled Houston's objection.

Finally, no objection was lodged to the trial court's failure to rule on the objection. *See* TEX. R. APP. P. 33.1(a)(2); *Geuder v. State*, 115 S.W.3d 11, 13 (Tex. Crim. App. 2003) (in absence of express or implied ruling on objection, complaining party must object to trial court's refusal to rule).

Because Houston did not pursue his objection to an adverse ruling, his claim of error was not preserved for appellate review. Even had this claim of error been preserved, we discern no resulting harm. *See* TEX. R. APP. P. 44.2(b). Nothing in the record indicates that the trial court considered the five unadjudicated offenses or that those offenses in any way contributed to Houston's sentence, given his otherwise extensive record of criminal convictions.

We affirm the judgment of the trial court.

Bailey C. Moseley
Justice

Date Submitted:    May 29, 2012
Date Decided:    May 30, 2012

Do Not Publish